## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ROSEY KALAYJIAN                                      :
                              **Plaintiff**           :
                                                     : Civil Action No.
v.                                                   :
                                                     :
PREMIER SALONS INTERNATIONAL, INC., JOHN  :
DOE d/b/a STONEWATER SPA AND BOUTIQUE,    : COMPLAINT
PREMIER SALONS CANADA, INC., PREMIER       :
SALONS LTD., PREMIER INC., MICHAEL         :
KRZYZAK                                     :
                              **Defendants**         : Jury Trial Demanded:

**08 CIV. 0421**

**ROBINSON**

Plaintiff R.Kalayjian, by and through her Attorney, and for her Complaint in this

action, alleges, based upon personal knowledge, or information and belief, as follows:

### PRELIMINARY STATEMENT

1.     This action for damages arises out of the sexual assault of the plaintiff,

Rosey Kalayjian ("Plaintiff"), by a licensed and registered massage therapist,

**MICHAEL KRZYZAK** (hereinafter "**KRZYZAK**"), employed at all material times

herein at the Defendant **STONEWATER SPA AND BOUTIQUE OF GREENWICH**

(hereinafter "**STONEWATER**").  At all material times said spa was owned, operated,

franchised, directed managed, and/or otherwise supervised by Defendants, **PREMIER**

**SALONS INTERNATIONAL INC., JOHN DOE D/B/A STONEWATER SPA AND**

**BOUTIQUE, PREMIER SALONS CANADA INC., PREMIER SALONS LTD.,**

**PREMIER INC.**, and/or any of them, individually and/or in conjunction with one or

more of the others ("hereinafter referred to as "**SPA DEFENDANTS**").

While visiting Stonewater spa for a theraputic massage on January 16, 2005, the

Spa Defendants or any of them, via their agents, servants, representatives, managers

and/or employees, permitted Defendant Michael **KRZYZAK** to serve the Plaintiff as

massage therapist, in spite of the fact that said **SPA DEFENDANTS**, or any of them, were, or should reasonably have been aware, through their own internal information and/or via the complaints of others, that the Defendant **MICHAEL KRZYZAK** had engaged in inappropriate sexual touching of employees and/or clients on previous occasions, and was an unfit and unsafe employee who had a propensity to engage in sexually inappropriate behavior toward co-workers and **STONEWATER** clientele.

As a result of this deliberate, reckless, and/or negligent indifference of the SPA DEFENDANTS, coupled with its/their (1) failure to properly hire and/o train their massage therapists, and (2) failure to properly supervise or remove an employee known to have been inappropriately touching female clientele, Defendant **KRZYZAK**, while in the employ of the **SPA DEFENDANTS**, or any of them, carried out a sexual assault upon the Plaintiff at the Stonewater Spa, and in the course thereof, perpetrated civil wrongs upon the Plaintiff, to wit, sexual assault and battery, intentional and negligent infliction of emotional distress, negligence, negligent hiring/supervision/retention, negligence *per se*, and invasion of privacy.

In addition, the actions and conduct of the SPA DEFENDANTS in structuring, operating and/or conducting business in the State of Connecticut, violated the Connecticut Unfair Trade Practices Act.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367; diversity jurisdiction is complete.

## VENUE

3.      Venue lies properly in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.  At all times material to this action, the Plaintiff, **ROSEY KALAYJIAN** was a resident of the State of New York.

5.  At all times material to this action, the Defendant, **MICHAEL KRZYZAK** was a resident of the State of New York, located at 8 Dutchess Terrace, Wapppingers, Falls, NY 12590.

6.  At all times material to this action, the Defendant, **PREMIER SALONS INTERNATIONAL, INC.,** (hereinafter "**PREMIER INC.**"), which upon information and belief is a Delaware Corporation, conducted business as "Stonewater Spa and Boutique Greenwich"and/or "Stonewater Spa" ("**PREMIER D/B/A STONEWATER**"), has a corporate headquarters located at 8341 Tenth (10th ) Avenue North, Minneapolis, Minnesota.

7.  At all material times the Defendant, **PREMIER SALONS CANADA INC**. (hereinafter "Premier Canada"), which conducted business as "**STONEWATER SPA AND BOUTIQUE GREENWICH**" and/or "**STONEWATER SPA**", is a Canadian and/or Ontario Corporation with a registered head office of 3780 Fourteenth (14th) Avenue, Suite 106, Markham, Ontario Canada and/or 3762 Fourteenth (14th) Avenue, Suite 200, Markham, Ontario Canada.

8.  At all material times the Defendant, **PREMIER SALONS LTD.** (hereinafter **PREMIER LTD**), which conducted business as "**STONEWATER SPA AND BOUTIQUE GREENWICH**" and/or "**STONEWATER SPA,**" was a Canadian and/or

Ontario Corporation with a registered head office of 3780 Fourteenth (14th )Avenue,
Suite 106, Markham, Ontario Canada and/or 3762 Fourteenth Avenue (14th) , Suite 200,
Markham, Ontario Canada.

9. At all material times the **DEFENDANT, PREMIER INC.**, which conducted business as "**STONEWATER SPA AND BOUTIQUE GREENWICH**" and/or "**STONEWATER SPA,**" was a Canadian and/or Ontario Corporation with a registered head office of 3780 Fourteenth (14th) Avenue, Suite 106, Markham, Ontario Canada and/or 3762 Fourteenth (14th ) Avenue, Suite 200, Markham, Ontario Canada.

10. Upon information and belief, **JOHN DOE D/B/A "STONEWATER SPA AND BOUTIQUE GREENWICH**" is a proprietorship, partnership, limited partnership, limited liability company, corporation and/or other corporate or business entity recognized at law, whose actual legal name is unknown and/or not readily ascertainable, because the same is not registered pursuant to Connecticut law in the Town of Greenwich and/or the Secretary of State's public records, but whose address appears to be 151 Greenwich Ave, Greenwich, Connecticut.

11. Defendants, **PREMIER SALONS INTERNATIONAL, INC., PREMIER SALONS CANADA INC., PREMIER SALONS LTD., PREMIER INC.,** and/or **JOHN DOE D/B/A "STONEWATER SPA AND BOUTIQUE GREENWICH**" shall hereinafter be referred to collectively as the "**SPA DEFENDANTS.**"

12. Upon information and belief, Defendants, **PREMIER SALONS CANADA INC., PREMIER SALONS LTD., PREMIER INC.,** and/or "**JOHN DOE D/B/A "STONEWATER SPA AND BOUTIQUE GREENWICH,**" or any of them individually, on in conjunction with any of the other of said Defendants, stands in the relationship of parent company/corporation to **PREMIER SALONS**

**INTERNATIONAL INC.,** which operates and/or conduct business as

"**STONEWATER SPA AND BOUTIQUE GREENWICH**," and/or "**STONEWATER**

**SPA**."

13.  Upon information and belief, none of the **SPA DEFENDANTS** have

registered a Trade or Business Name as required under Connecticut Law with the Town

of Greenwich, or any place wherein said Defendant conducts business in the State of

Connecticut, or with the Secretary of State of Connecticut as a domestic corporation or

foreign corporation authorized to conduct business in the State.

14.  Upon information and belief, one or more of the **SPA DEFENDANTS,**

either individually and/or in conjunction with any one or more of said Defendants, owns

and/or operates the business known as "**STONEWATER SPA AND BOUTIQUE OF**

**GREENWICH**," and/or "**STONEWATER SPA**," located at 151 Greenwich Ave,

Greenwich Connecticut.

15.  Upon information and belief, one or more of the **SPA DEFENDANTS** either

individually and/or in conjunction with any one or more of said Defendants, is a

franchisor, which franchised "**STONEWATER SPA AND BOUTIQUE OF**

**GREENWICH**," and/or "**STONEWATER SPA**," to one or more of the owners of said

spa.

16.  One or more of the **SPA DEFENDANTS**, either individually and/or in

conjunction with any one or more of said **SPA DEFENDANTS**, is a Franchisee,

operating "**STONEWATER SPA AND BOUTIQUE OF GREENWICH**," and/or

"**STONEWATER SPA**" as such, pursuant to an agreement with any one or more of the

**SPA DEFENDANTS**, their agents, servants, affiliates, partners,  subsidiaries, and/or

other representatives.

17. Upon information and belief, one or more of the **SPA DEFENDANTS**, either individually and/or in conjunction with any one or more of said Defendants, is a Partner, Owner, Affiliate, Agent, Representative, Servant, Manager, and or other Supervisory entity, which oversees, manages, directs, controls, and/or operates the **"STONEWATER SPA. AND BOUTIQUE GREENWICH"** and/or **"STONEWATER SPA"** located at 151 Greenwich Avenue, Greenwich, Connecticut.

## FACTS

25. On or about January 16, 2005, the Plaintiff, Rosey Kalayjian, purchased a massage from the **SPA DEFENDANTS**, or any of them, which was performed at **STONEWATER SPA** and Boutique, located at 151 Greenwich Avenue in Greenwich, Connecticut.

26. The Defendant, Michael **KRZYZAK**, was instructed by the SPA DEFENDANTS, or any of them, via its/their agents, servants, employees, and/or other representatives, to perform said massage.

27. At the time of said massage, the Defendant, **MICHAEL KRZYZAK**, was acting as an agent, servant, employee and/or representative of the **SPA DEFENDANTS**, or any of them, and was under the supervision, direction, instruction, control and/or management of said Defendants.

28. Prior to the commencement of the massage **KRZYZAK** showed the Plaintiff where to go and disrobe, and cover herself with sheets which were provided to her.

29. During the course of the massage, **KRZYZAK** improperly and without license, consent, or permission, touched the Plaintiff inappropriately by rubbing his hands over Plaintiff's buttocks and the sides of her breasts, making the Plaintiff extremely uncomfortable.

30. Upon the conclusion of the massage, the Plaintiff was asked what she thought about the massage, and she informed **KRZYZAK** that she felt uncomfortable for the last ten minutes of the same because of the inappropriate touching to which **KRZYZAK** words to the effect "I saved my best for last."

31. Leaning into the Plaintiff as she remained on the massage table, the Defendant asked for a hug; anxious to leave and feeling uncomfortable the Plaintiff gave the Defendant **KRZYZAK** a light pat on the back, whereupon said Defendant drew the Plaintiff close to his body and hugged her very tightly, until the Plaintiff moved away, and pushed the Defendant back.

32. Upon pushing **KRZYZAK** away, and rejecting his advancements, the Plaintiff was visibly upset, frightened, and confused over **KRZYZAK**'s conduct; and was informed by **KRZYZAK** that it was a pleasure to have massaged her.

33. When she attempted to end the session and alight from the massage table, the Plaintiff was further accosted by **KRZYZAK**, who proceeded to lift up the sheet that covered the Plaintiff's virtually naked body, and climb under the same, as he positioned himself onto the massage table next to the Plaintiff, and in direct body contact with her.

34. Upon climbing under the sheets and on the massage table, **KRZYZAK** proceeded to grope the Plaintiff, ultimately placing his hands around the Plaintiff's shoulders as he kissed the Plaintiff's neck successively in an upward direction, planting kisses on her chin and cheek.

35. While kissing the Plaintiff, **KRZYZAK** uttered words to the effect that when the Plaintiff returned for another massage, "it would be even better."

36. Before **KRZYZAK** was able to reach the Plaintiff's face and lips, the Plaintiff was able to thwart his advances with a very hard push to the Defendant's chest area.

37. Immediately after Plaintiff was able to push **KRZYZAK** away from her, and while she was visibly upset and frightened, he uttered words to the effect that he hoped he saw her again, further frightening and embarrassing the Plaintiff.

38. Upon **KRZYZAK** leaving the room, the Plaintiff got dressed and left the establishment shocked and humiliated.

39. Immediately upon departing the **STONEWATER SPA**, the Plaintiff telephoned a friend and informed her of what happened, and shortly thereafter Plaintiff reported the incident to police.

40. The police investigated the incident and determined that the Defendant's employee file contained Incident/Corrective Action records detailing complaints that **KRZYZAK** had once touched a co-worker's "bottom" in a break room, and on another occasion he had brushed a co-worker's backside during a service, both incidents appearing to have occurred within approximately one year of the incident involving the Plaintiff and KRZYAK, and neither of which appears to have resulted in serious corrective action, or other disciplinary measures.

41. Police investigation of the Plaintiff's claim also revealed that **KRZYZAK** had sexually assaulted a female patron during the massage which took place at **STONEWATER SPA** during the appointment time immediately preceding the Plaintiff's appointment, on January 16, 2005, and that the assaulted patron complained to **SPA DEFENDANT** employees immediately after the incident stating, *inter alia*, that: (1) **KRZYZAK** pulled her sheet down exposing her breast, (2) **KRZYZAK** oiled his

hands and swept upwards as the patron lay on the massage table, fully grabbing the patron's breasts and touching her nipples, after being told to stop the same, (3) **KRZYZAK** was told to stop rubbing the patron's inner thigh because he was uncomfortably close to her vaginal area, and (4) **KRZYZAK** made the patron feel uncomfortable because he was brushing up against the massage table with his pelvic area and his hands were very shaky.

42. A further Incident/Corrective Action report contained in **KRZYZAK's** employee file detailed the incident of January 16, 2005, confirming the assault, noting that a patron complained that on two separate occasions during her massage KRZYZAK stroked her breast near the nipple area, even after being told that such contact was uncomfortable, and that **KRZYZAK** should "not do it again."

43. The patron who was assaulted immediately prior to the Plaintiff told the **SPA DEFENDANTS'** staff, that as she saw the Plaintiff being led into a massage room at the **STONEWATER SPA**, immediately after her own chilling experience, that she felt bad for the female going in with **KRZYZAK**; in spite of the comment, and the complaint, the SPA DEFENDANTS failed to stop the Plaintiff's massage, or otherwise protect the Plaintiff from similar misconduct.

44. On April 26, 2005, **KRZYZAK** was arrested for two counts of sexual assault, contrary to Connecticut General Statutes 53a-73a, and two counts of disorderly conduct contrary to Connecticut General Statutes 53a-182.

45. At all times material to this Complaint, one or more of the **SPA DEFENDANTS**, either individually, or in conjunction with one or more of the others, or any other individual or entity, was engaged in and throughout many States, including New York and Connecticut, in the business of selling and/or providing services related to

health care and beauty to the public, including, but not limited to, relaxation therapies and massage services.

46.  Upon information and belief, one or more of the **SPA DEFENDANTS**, either individually, or in conjunction with one or more of the others, or any other individual or entity, was engaged in and throughout may States, including New York and Connecticut, in the business of franchising spas which provided services related to health care and beauty to the public, including, but not limited to, relaxation therapies and massage services.

47.  Upon information and belief, one or more of the **SPA DEFENDANTS**, either individually and/or conjunction with one or more of the others, employed, supervised, trained, directed educated, and/or managed said Defendants' staff, including its managers and massage therapists, and at all times material hereto, were otherwise responsible for their employees,' and/or franchisees' conduct, behavior, and/or professionalism, in conducting business with the public, and in relation to the treatment and safety of spa clientele.

48.  At all material times herein, Defendant **KRZYZAK** was an agent, servant, employee and/or other representative of the **SPA DEFENDANTS**, or any of them, and he owed a duty of reasonable care to the Plaintiff, and all of the clientele he served in his capacity as "massage therapist" for said defendants.

49.  At all material times herein, the **SPA DEFENDANTS** via their agents, servants, employees, and/or other representatives, were responsible for the creation, maintenance, supervision, operation, and or control, of **STONEWATER** and/or other **SPA DEFENDANTS'** clients.

50.     At all material times herein, the **SPA DEFENDANTS** were responsible for the actions, conduct, errors, and omissions of their agents, servants, employees, and/or other representatives, including but not limited to, those of the Defendant MICHAEL KRZYZAK.

51.  At all material times the Defendants acted individually and/or in concert with each other.

## FIRST COUNT

### ASSAULT

52.  Paragraphs 1 through 52 are repeated and realleged as if the same were set forth fully herein.

53.  The Defendant, **MICHAEL KRZYZAK**, intentionally, wilfully, recklessly, wantonly, and/or negligently, contacted the body and/or person of the Plaintiff in a harmful and/or offensive manner and/or placed the Plaintiff in immanent fear of harmful or offensive contact, and therefore, perpetrated an Assault upon the Plaintiff.

54.  The assault included, but was not limited to, the following unlawful conduct by the Defendant, **MICHAEL KRZYZAK**: :

    (a)    sexually and physically contacting Plaintiff's body by massaging her buttocks and around the sides of her breasts, causing her to feel uncomfortable, for the sole, sadistic purpose of amusing and gratifying **KRZYZAK**;

    (b)    sexually and physically assaulting the Plaintiff by inappropriately hugging her "tightly" in a sexually suggestive manner, upon completion of her massage;

    c)    pulling away, snatching, and getting under the sheet which clad the Plaintiff's virtually naked body, and climbing onto her massage table, placing his body into contact with that of the Plaintiff's;

(d)    putting his hands around the neck and shoulders of the Plaintiff and kissing the left neck area, and continuing to do so after being pushed away by the Plaintiff;

55. The conduct of the Defendant, **MICHAEL KRZYZAK**, was performed without lawful excuse, justification and/or privilege, absent consent, and against the Plaintiff's will.

56. The **SPA DEFENDANTS** knew, or should have known, that the conduct of Defendant, **MICHAEL KRZYZAK**, was likely to result in harm to the **SPA DEFENDANTS'** clients.

57. At all material times the **SPA DEFENDANTS**, or any of them, were on notice that the Defendant, **MICHAEL KRZYZAK**, had a propensity to behave in a sexually inappropriate, harmful, and abusive manner, toward its vulnerable clientele, and at all material times were vicariously liable for the acts and/or omissions of their agent, servant, employee or other representative.

58. As a direct and/or proximate result of the Defendants' conduct, the Plaintiff was caused to suffer extreme humiliation, anxiety, embarrassment, pain, and anguish.

59. As a further result thereof, the Plaintiff suffered severe mental and emotional distress, manifested by such physical and other symptoms as: sleeplessness, anxiety, stress, fright, nervousness, fatigue, depression, nausea, hypersensitivity, and crying.

60. As a further result thereof Plaintiff has been unable to carry out all of the functional activities of her life in the same and/or similar manner as she did prior to sustaining said injuries, including but not limited to, maintaining normal trusting relationships with others.

61. As a further result thereof, the Plaintiff has sought counseling and/or medical attention, and will continue to require and bear the expense of future treatment.

62. The Plaintiff is therefore entitled to recover from Defendants compensatory, general, consequential and punitive damages, in an amount to be determined at a trial of this matter.

## SECOND CLAIM FOR RELIEF

## NEGLIGENCE

63. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52) as if set forth fully herein.

64. At all material times the Defendants owed the Plaintiff a duty of care, which included a duty to avoid the creation of foreseeable risks of harm to the Plaintiff, and her physical and emotional well being, as well as a duty to provide Plaintiff with a massage in a professional environment, free from the perpetration of harm or any form of physical or sexual assault by any agent, servant, representative and/or employee.

65. At all material times the Defendant knew, or ought to have known, that the Plaintiff was especially vulnerable because:

> a) like other persons in her situation, she believed that the Defendants, or any of them, carried on a professional massage therapy business that assisted people with relaxation, and that a facility such as **STONEWATER SPA** and Boutique Greenwich employed professional and licensed therapists concerned with her well being;

> b) the therapy she purchased, by its very nature, demands respect for the dignity of a patron's body, and respect for a person's privacy, inasmuch as patrons in Plaintiff's position receive therapy requiring touching of unclad or scantily clad body parts;

> c) she came to the **STONEWATER SPA AND BOUTIQUE** for the express purpose of relaxing her muscles in preparation for a then upcoming medical/surgical procedure.

-13-

66.    The Defendants owed a duty to Plaintiff to exercise the care and skill ordinarily expected of reasonable people and employers or employees similarly situated.

67.    The acts and conduct of the **SPA DEFENDANTS** breached the duty of care expected of those similarly situated in one or more of the following ways:

(A) between December 2004 and January 16, 2005, prior to Plaintiff having been assaulted, the **SPA DEFENDANTS**, or any of them, knew, or reasonably should have known, that **KRZYZAK** had assaulted, and was likely to continue assaulting, female spa patrons, yet said Defendants, its agents, servants, representatives and/or employees, failed to terminate or suspend his employment, or otherwise implement safe procedures designed to prevent **KRZYZAK** from attacking spa patrons,

(B) said **SPA DEFENDANTS**, or any of them, failed to warn the Plaintiff of **KRZYZAK'S** conduct, which occurred immediately prior to the Plaintiff's massage, and

© **SPA DEFENDANTS**, their/its agents, servants, representatives and/or employees, failed to contact authorities and/or management immediately upon learning about **KRZYZAK**'s January 16, 2005 attack upon the patron immediately prior to the Plaintiff.

(D) **SPA DEFENDANTS**, or any of them, failed to properly investigate Defendant Michael **KRZYZAK**'s background and fitness for the position of a massage therapist; including, without limitation, verifying references, reviewing his licensing record, communicating with prior employers, and checking criminal records;

(E) **SPA DEFENDANTS** failed to properly train its employees in a manner conducive to preventing the inappropriate and/or improper touching of female patrons, and committing sexual assault and sexual harassment upon spa patrons;

(F) **SPA DEFENDANTS** failure to prepare, set up, institute and/or enforce a policy forbidding the sexual molestation, sexual harassment, sexual battery, and/or sexual assault by its employees;

(G) **SPA DEFENDANTS** failed to implement appropriate reporting procedures for use in situations where a sexual assault complaint is made during working hours, and where the offending employee is scheduled to provide massage services to other spa patrons subsequent to said complaint;

(H) **SPA DEFENDANTS** failed to adequately and properly monitor and/or staff the spa with qualified and competent management, or otherwise assign an on-call manager for employees to contact in case of emergency;and/or

(I) **SPA DEFENDANTS** failed to properly supervise and/or review the progress of spa employees and/or staff on a regular basis, conducive to ensuring appropriate behavior toward spa clientele.

68. The **SPA DEFENDANTS**, or any of them, breached the duty of care owed to the Plaintiff by failing to take any action reasonably calculated to prohibit, prevent or otherwise deter further sexual misconduct by Defendant, **MICHAEL KRZYZAK.**.

69. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **SECOND CLAIM FOR RELIEF.**

## THIRD CLAIM FOR RELIEF (SPA DEFENDANTS)

### NEGLIGENT HIRING\SUPERVISION\RETENTION

70. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

71. At all material times the **SPA DEFENDANTS** owed the Plaintiff business invitee a duty of care, to properly and safely hire, supervise and retain, its agents, servants, representatives, managers and/or employees, whom said Defendants, or any of them, knew would be involved in the sensitive field of theraputic massage services.

72. The **SPA DEFENDANTS**, or any of them, breached said duty in one or more of the following ways:

a) failing to properly investigate Defendant **MICHAEL KRZYZAK'S** background and fitness for the position of a massage therapist, which is a sensitive position; including, without limitation, verifying references, assessing qualifications, reviewing his licensing record, communicating with prior employers, checking criminal records,;

b) failing to properly train its employees in a manner conducive to prevent the inappropriate and/or improper touching of female patrons, and committing sexual assault and sexual harassment upon members of the public;

c) failing to prepare, set up, institute and/or enforce a policy forbidding the sexual molestation, sexual harassment, sexual battery, and/or sexual assault by its employees;

d) failing to implement appropriate reporting procedures for use in situations where a sexual assault complaint is made during working hours and where the offending employee is scheduled to provide massage services to other spa patrons subsequent to said complaint;

e) failing to monitor and/or staff the spa with qualified and competent management, or otherwise assign an on-call manager for employees to contact in case of emergency;

f) failing to properly supervise spa employees and/or staff on a regular basis and in a manner conducive to ensuring appropriate behavior toward spa clientele; and/or

g) failing to take appropriate steps to terminate and/or suspend **MICHAEL KRZYZAK** in light of very serious allegations of inappropriate sexual misconduct, prior to his assault upon the Plaintiff, and in spite of notice of his propensity to behave in a sexually inappropriate manner toward females.

h) failing to properly discipline the Defendant, **MICHAEL KRZYZAK**, after he demonstrated dangerous and inappropriate sexual misconduct, on several occasions prior to assaulting the Plaintiff.

73. In spite of advanced knowledge and/or notice of **KRZYZAK's** prior sexual misconduct with his co-workers and another patron, the SPA DEFENDANTS or any of

them, retained **KRZYZAK** as an employee, and failed to monitor and supervise him accordingly.

74. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **THIRD CLAIM FOR RELIEF.**

## FOURTH CLAIM FOR RELIEF

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

76. At all material times the **SPA DEFENDANTS** owed the Plaintiff business invitee a duty of care to provide a reasonably safe environment in which Plaintiff might seek out services in the sensitive field of theraputic massage.

77. At all material times the **SPA DEFENDANTS** knew, or ought to have known, that the conduct of its employees in massaging the plaintiff in a sexually inappropriate manner would violate said duty of care, and result in severe emotional distress to the Plaintiff.

78. The **SPA DEFENDANTS** knew, or should have known, that their actions, and the actions and/or conduct of their agents, servants, employees, or other representatives, involved an unreasonable risk of harm, and unreasonable risk of causing severe emotional distress, to the Plaintiff, and said harm and emotional distress was a foreseeable consequence of the SPA DEFENDANTS' negligent conduct.

79. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **FOURTH CLAIM FOR RELIEF.**

## FIFTH CLAIM FOR RELIEF

## NEGLIGENCE PER SE

80. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein. .

81. The actions of the Defendant, **MICHAEL KRZYZAK**, violated Connecticut General Statutes, to wit:

        i) Disorderly Conduct;  C.G.S. § 53a-182; and

        ii) Sexual Assault in the Fourth Degree;  C.G.S. § 53a-73a

83. The actions of the Defendant, **MICHAEL KRZYZAK**, in violating the aforesaid statutes, constitute negligence *per se*, as against the Defendants, or any of them.

84. At all times material hereto, **SPA DEFENDANTS**, or any of them, are responsible and vicariously liable for the acts, errors and/or omissions of its agents, servants, representatives, franchisees, and/or employees.

85. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **FIFTH CLAIM FOR RELIEF**.

## SIXTH CLAIM FOR RELIEF

## INVASION OF PRIVACY/INTRUSION UPON SECLUSION

86. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

87. The Defendants and/or any of them, personally, or via their agents, servants, employees, or other representatives, intentionally, recklessly and/or negligently, without lawful excuse, privilege, justification, or statutory authority, and/or under a void process, performed acts and engaged in conduct, against the Plaintiff's will, and without her

consent, constituting an invasion of the Plaintiff's privacy, by intruding upon the

Plaintiff's right to seclusion and solitude, to wit:

> a) fondling the Plaintiff's breasts while acting as a professional massage therapist;
>
> b) snatching and or pulling away the Plaintiff's sheet while she was on the massage table, and with full knowledge that she was virtually naked;
>
> c) jumping under the Plaintiff's sheet, and laying next to the Plaintiff on the massage table;
>
> d) kissing the Plaintiff's neck and chin, rubbing her shoulders, and pushing up against the Plaintiff while she was on the massage table; and
>
> e) hugging the Plaintiff very tightly while pressing his body onto Plaintiff's body in a sexually inappropriate manner.

88. At all material times, the Plaintiff had a reasonable expectation of privacy,

and a concomitant right to be left alone, free of unwanted intrusions, sexual and/or

otherwise, especially during what the Defendant, **MICHAEL KRZYZAK** fully knew

and understood to be a professional massage visit by the Plaintiff.

89. The conduct of the Defendants and/or any of them constituted a violation of

the Plaintiff's reasonable expectation of privacy.

90. The conduct engaged in by the Defendants, and/or any of them, would be

highly offensive to any reasonable person of ordinary sensibility.

91. The Defendants and/or any of them, knew or should have known, that the

aforementioned conduct would be highly offensive to any reasonable person of ordinary

sensibility.

92. At all times material hereto, **SPA DEFENDANTS**, or any of them, were

responsible and vicariously liable for the acts, errors and/or omissions of their/its agents,

servants, representatives, franchisees, and/or employees.

93. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **SIXTH CLAIM FOR RELIEF.**

## SEVENTH CLAIM FOR RELIEF

### PREMISES LIABILITY

94. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

95. At all times material hereto, the Defendants, or any of them, owned and/or otherwise possessed and controlled the premises located at 151 Greenwich Avenue, Greenwich Connecticut, upon which the **STONEWATER SPA AND BOUTIQUE GREENWICH** was operated by one or more of the **SPA DEFENDANTS.**

96. At all times material hereto, the **SPA DEFENDANTS**, or any of them, directly, or indirectly via their agents, servants, representatives, or employees, held themselves out to the public as a valid company doing business as a spa, which provided services, including, but not limited to, massage therapy.

97. At all times material hereto, the Plaintiff, **ROSEY KALAYJIAN**, was a business invitee, as to the **SPA DEFENDANTS**, or any of them, inasmuch as she was invited to the **SPA DEFENDANTS'** premises for the purpose which said defendants held themselves out to the public; namely, to acquire the massage therapy services from the **SPA DEFENDANTS**, or any of them, or their agents, servants, representatives, or employees.

98. The **SPA DEFENDANTS**, or any of them, as owners and/or possessors of the aforementioned premises, owed the Plaintiff a duty of care to protect against and warn the Plaintiff of dangerous conditions which would reasonably be anticipated to exist

on the premises, including, but not limited to, the activities taking place upon such premises.

99. The **SPA DEFENDANTS**, or any of them, as owners and/or possessors of the aforementioned premises, had a duty to warn the Plaintiff invitee of dangers that said Plaintiff could not reasonably be expected to antcipate.

100. The **SPA DEFENDANTS**, or any of them, as owners and/or possessors of the aforementioned premises had a duty to prevent injury to the Plaintiff Invitee, where said defendants knew, or reasonably should have known, about a dangerous condition or situation upon the premises, including, but not limited to, the activities of third persons and/or employees upon the property.

101. At all material times the **SPA DEFENDANTS** knew, or reasonably should have know, about the Defendant **KRZYZAK's**, propensity for inappropriate sexual misconduct, and should have warned the Plaintiff that **KRZYZAK** was dangerous, or otherwise taken steps to expel, eject, or remove **KRZYZAK** from the premises, so as to prevent injury to the Plaintiff by **KRZYZAK'S** conduct.

102. By failing to warn of **KRZYZAK** as a danger, and by failing to remove him from the premises, the **SPA DEFENDANTS**, or any of them, created a reasonably foreseeable risk of harm to the Plaintiff, and therefore, breached their duty to the Plaintiff invitee.

103. At all times material hereto, **SPA DEFENDANTS**, or any of them, were responsible for, or otherwise vicariously liable for, the acts, errors, and/or omissions of its agents, servants, representatives, franchisees, and/or employees.

104. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **SEVENTH CLAIM FOR RELIEF**

## EIGHTH CLAIM FOR RELIEF

### Connecticut Unfair Trade Practices (C.U.T.P.A.)

105. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

106. At all relevant times herein, the **SPA DEFENDANTS**, or any of them, were engaged in a trade or business as those terms are defined in **C.G.S. §42-110(a)**, in the State of Connecticut.

107. The Defendants, or any of them, advertised in or about the area, and on the internet, as a luxury spa with professional staff, conducting business in Greenwich Connecticut.

108. The aforesaid acts of the Defendants, its agents, servants, representatives, franchisees, or employees, including, but not limited to:

(1) failing to register as a business, or register a business trade name with either the Secretary of State or the Town of Greenwich and/or (2) failing to supervise and/or screen franchisee and/or employees for a sensitive profession such as massage therapy

constitute, either in themselves, or in connection with one another, violations of the **Connecticut Unfair Trade Practices Act, C.G.S. §42-110(b).**

109. The conduct of the Defendants, violates the **Connecticut Unfair Trade Practices Act §42-110(b)**, because such conduct constitutes unfair and deceptive acts

and/or practices in the conduct of a trade, or business, for one or more of the following reasons:

    a)    Defendant's acts and/or practices were deceptive, in that they had a tendency and capacity to deceive persons such as the Plaintiff;

    b)    Defendant's acts and/or practices violated public policy as it has been established by statute, common law, or otherwise;

    c)    Defendant's acts and/or practices were immoral, unethical, oppressive or unscrupulous; and

    d)    Defendant's acts and/or practices have caused substantial injury to persons such as the Plaintiff.

110.  The **SPA DEFENDANTS**, or any of them, as a consequence of their deceptive acts and/or practices, or the deceptive acts and/or practices of their/its agents, servants, representatives, and/or employees, have caused the Plaintiff to suffer severe damage and emotional distress, including, but not limited to, ascertainable loss of money, property, and/or emotional harm.

111.  Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **EIGHTH CLAIM FOR RELIEF**.

112.  A copy of this complaint was delivered to the Connecticut Attorney General.

## NINTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113.  Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein

114. The Defendant, **MICHAEL KRZYZAK'S** conduct of sexually assaulting the Plaintiff, during a purchased massage at a spa, amounts to behavior which is extreme and outrageous, exceeding all boundaries of usual toleration in decent society.

115. The actions of said Defendant were the direct and proximate cause of severe emotional distress to the Plaintiff, manifesting itself by symptoms including, but not limited to, anxiety, sleeplessness, nausea, headaches, crying, loss of appetite, shortness of breath, hot-flashes and sweating, and other psychological feelings of helplessness, mental anguish, humiliation, shame, and betrayal, accompanied by episodes of fright, lethargy, trembling, and continued depression.

116. The acts of the Defendant, causing said severe emotional distress, were committed intentionally, willfully, wantonly, and/or in reckless disregard for the emotional well being of the Plaintiff, and to the reasonably foreseeable emotional and psychological injuries that would be suffered by the Plaintiff.

117. At all material times the Defendants and/or any of them, knew, or should have known, that emotional distress would likely ensue as a result of their conduct.

118. At all times material hereto, **SPA DEFENDANTS,** or any of them, were responsible for, or otherwise vicariously liable for the acts, errors and/or omissions of its agents, servants, representatives, franchisees, and/or employees.

119. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **NINTH CLAIM FOR RELIEF.**

### JURY TRIAL DEMANDED

120. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs seek the following relief:

1. Compensatory damages;

2. Punitive damages;

3. Attorney's fees;

4 Punitive damages pursuant to **C.G.S. §42-110g(a)**;

5. Attorney's fees pursuant to **C.G.S. §42-110g(g)**;


6. The Costs of this action;

7. Such further and other relief which this honorable Court deems just and appropriate.


Dated at Stamford, Connecticut, this 15th day of January, 2008.


THE PLAINTIFF,

BY: _____
        Stephan Erich Seeger (Fed Bar. No:. SS8460 )
    **THOMAS J. HICKEY AND ASSOCIATES, LLC**
                                    27 Fifth Street
                                    Stamford, CT 06905
                                    Tel: (203) 324-2296
                                    Fax: (203) 348-7313

## CERTIFICATION OF SERVICE

This is to certify that on this ___ day of October, 2007, a copy of the foregoing

COMPLAINT was served via first class U.S. Mail, postage prepaid to:

_____

_____

_____

_____

Dated at Stamford, Connecticut, this _16[th] day of January, 2008.

THE PLAINTIFF,

By: _____

     Stephan Seeger
     SHERMAN, RICHICHI & HICKEY, LLC
     27 Fifth Street
     Stamford, CT 06905
     Tel: (203) 324-2296
     Fax: (203) 348-7313