UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROSEY KALAYJIAN, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 7:08-CV-0428 (SCR) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| PREMIER SALONS INTERNATIONAL, INC., | : | |
| JOHN DOE D/B/A STONEWATER SPA AND | : | |
| BOUTIQUE, PREMIER SALONS CANADA, | : | |
| INC., PREMIER SALONS LTD., PREMIER | : | |
| INC., and MICHAEL KRZYZAK, | : | |
| Defendants. | : | |

## NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Please TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, filed on January 16, 2008, and the Declaration of James M. Sconzo, dated March 11, 2008, including the exhibits attached thereto, defendants, Premier Salons International, Inc., John Doe d/b/a Stonewater Spa and Boutique, Premier Salons Canada, Inc., Premier Salons Ltd., and Premier, Inc. will move this Court, pursuant to Rules 12(b)(2), (3), (5) and (6) of the Federal Rules of Civil procedure, before the Honorable Stephen C. Robinson, United States District Judge, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, at a time and place to be determined by the Court, for an Order dismissing Plaintiff's Complaint in its entirety, and for such further and other relief that the Court may deem just band proper.

March 12, 2008

DEFENDANTS
PREMIER SALONS INTERNATIONAL, INC.,
JOHN DOE D/B/A STONEWATER SPA AND
BOUTIQUE,
PREMIER SALONS CANADA, INC.,
PREMIER SALONS LTD., AND
PREMIER, INC.


By: /s/  James M. Sconzo
     James M. Sconzo, Esq. (# JS8390)
     JORDEN BURT, LLP
     175 Powder Forest Drive, Suite 201
     Simsbury, CT 06089
     Telephone:  860-392-5000
     Facsimile:  860-392-5058
     Email:    jms@jordenusa.com
     Their Attorney


## CERTIFICATION

     This is to certify that on this 12th day of March, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system:


Stephan Erich Seeger
Sherman, Richichi & Hickey, LLC
27 Fifth Street
Stamford, CT 06905
(203)-273-5170
Fax: (203)-348-7313
Email: seegrkid2@aol.com


     /s/  James M. Sconzo
     James M. Sconzo

196150

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROSEY KALAYJIAN,<br>　　Plaintiff, | : <br> : <br> : <br> : | CIVIL ACTION NO.<br>7:08-CV-0428 (SCR) |
| | : <br> : | |
| v. | : <br> : | |
| PREMIER SALONS INTERNATIONAL, INC.,<br>JOHN DOE D/B/A STONEWATER SPA AND<br>BOUTIQUE, PREMIER SALONS CANADA,<br>INC., PREMIER SALONS LTD., PREMIER<br>INC., and MICHAEL KRZYZAK,<br>　　Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : | ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

JORDEN BURT LLP
James M. Sconzo, Esq. (JS 8390)
175 Powder Forest Drive, Suite 201
Simsbury, CT 06089
Telephone:  860-392-5000
Facsimile:  860-392-5058
Email:　　jms@jordenusa.com

*Counsel for Defendants*

March 12, 2008

**TABLE OF CONTENTS**

                                                                                            **PAGE**

TABLE OF AUTHORITIES ....................................................................................... i

I.     PRELIMINARY STATEMENT .......................................................................1

II.    FACTUAL BACKGROUND .............................................................................1

III.   LEGAL ARGUMENT .......................................................................................3

       A.    Standard Of Review ..............................................................................3

       B     Plaintiff Has Named Improper Entities As Defendants ..........................................5

       C.    Defendants Premier Salons International, Inc. And John Doe
             d/b/a Stonewater Spa And Boutique Were Not Properly Served ...........................5

       D.    The Court Lacks Personal Jurisdiction Over Defendants ........................................5

       E.    Venue In The Southern District Of New York Is Not Proper...............................10

       F.    Plaintiff's Assault, Invasion of Privacy, and Intentional Infliction of Emotional
             Distress Claims Are Barred by the Applicable Statutes of Limitations.................11

       G.    Plaintiff's CUTPA Claim Fails As A Matter Of Law............................................12

IV.    CONCLUSION.................................................................................................13

# TABLE OF AUTHORITIES

## Federal Cases

**PAGE**

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124
(2d Cir. 2002)......................................................................................................................6

Bensusan Restaurant Corp. v. King, 126 F.3d 25, 29 (2d Cir. 1997 .............................8

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985)..............9

CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986) ...............................5

Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F.Supp.2d 382, 387
(S.D.N.Y. 2002)................................................................................................................4

DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001)...............................5

Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991)..........................................3

Francis v. Blaikie Group, 372 F.Supp.2d 741, 743 n. 2 (S.D.N.Y. 2005) ......................4

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408,
104 S.Ct. 1868 (1984)................................................................................................. 8-10

Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).............................3

Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57-58 (2d Cir. 1985)..............6

Howard v. Klynveld Peat Mrwick Goerdeler, 977 F.Supp. 654, 658
(S.D.N.Y. 1997)................................................................................................................4

In re Syntex Corp. Securities Litigation, 95 F. 3d 922, 926 (9th Cir. 1996) ..................3

Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945)............................. 8-9

Kamen v. AT & T Co., 791 F.2d 1006, 1011 (2d Cir. 1986) ..........................................4

Melnick v. Adelson-Melnick, 346 F.Supp.2d 499, 503 & n. 19 (S.D.N.Y. 2004) ..........4

Nautilus Ins. Co. v. Adventure Outdoors, Inc., --- F.R.D. ----,
2007 WL 4562877, *2 (E.D.N.Y. 2007).........................................................................4

NCA Holding Corp. v. Ernestus, 1998 WL 388562, *5 (S.D.N.Y. 1998) ....................................8

Preston v. New York, 233 F.Supp.2d 452, 466 (S.D.N.Y.2002).......................................................5

Realuyo v. Abrille, 93 Fed.Appx. 297, 298 (2d Cir. 2004) ............................................................5

Realuyo v. Villa Abrille, 2003 WL 21537754, *8 (S.D.N.Y. 2003) .................................................9

Sandoval v. Abaco Club on Winding Bay, 507 F.Supp.2d 312 (S.D.N.Y. 2007)........................10

Spar, Inc. v. Information Resources, Inc., 956 F.2d 392, 394-95 (2d Cir. 1992) .........................11

Stuart v. American Cyanamid Co., 158 F.3d 622, 626-27 (2d Cir. 1998)....................................11

Weinreich v. Sandhaus, 1989 WL 130641, *6 (S.D.N.Y. 1989).......................................................5

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000)....................................... 6-7

Yanouskiy v. Eldorado Logistices Systems, Inc., 2006 WL 3050871, *7
(E.D.N.Y. 2006)...................................................................................................................................8

### State Cases

Burney v. Downer Funeral Home, Inc., 2001 WL 1029613, * 5 (Conn.Super. 2001).................13

Costanza v. Seinfeld, 279 A.D.2d 255, 719 N.Y.S.2d 29 (N.Y.A.D. 1 Dept. 2001).....................12

Delsasso v. Broder, 2005 WL 3370376, *2 (Conn.Super. 2005) ........................................... 12-13

Krioutchkova v. Gaad Realty Corp., 28 A.D.3d 427, 428, 814 N.Y.S.2d 171
(N.Y.A.D. 2 Dept. 2006)..................................................................................................................12

Kwarren v. American Airlines, 303 A.D.2d 722, 757 N.Y.S.2d 105
(N.Y.A.D. 2 Dept. 2003)..................................................................................................................12

Lane v. First Union Nat'l Bank, 2002 WL 982697, * n2 (Conn.Super 2002)..............................13

McGowan v. Smith, 52 N.Y.2d 268, 274-45, 437 N.Y.S.2d 643, 419 N.E.2d 321
(N.Y. 1981) ..........................................................................................................................................8

O'Brien v. Hackensack, 305 A.D.2d 199, 201, 760 N.Y.S.2d 425
(N.Y.A.D. 1 Dept., 2003)...................................................................................................................8

Peterson v. Spartan Indus., Inc., 33 N.Y.2d 463, 354 N.Y.S.2d 905,
310 N.E.2d 513 (N.Y. 1974)...............................................................................................................4

Simonson v. Int'l Bank, 14 N.Y.2d 281, 251 N.Y.S.2d 433, 436-37,
200 N.E.2d 427 (N.Y. 1964)..................................................................................................6

## Miscellaneous

28 U.S.C. § 1391............................................................................................................ 10-11

28 U.S.C. § 1406...............................................................................................................11

Conn. Gen. Stat. § 42-110g.............................................................................................12

Fed. R. Civ. P. 4.................................................................................................................5

Fed. R. Civ. P. 12(b) ................................................................................................. passim

N.Y. C.P.L.R. § 215[3] (McKinney 2006) .......................................................................12

N.Y. C.P.L.R. § 301 (McKinney 2006) ......................................................................... 6-8

N.Y. C.P.L.R. § 302 (McKinney 2006) ......................................................................... 6-8

Defendants, Premier Salons International, Inc., John Doe d/b/a Stonewater Spa and

Boutique, Premier Salons Canada, Inc., Premier Salons Ltd., and Premier, Inc. ("Defendants"),

hereby respectfully submit this Memorandum of Law in support of their Motion, pursuant to Fed.

R. Civ. P. 12(b)(2), (3), (5) and (6), to dismiss Plaintiff's Complaint in its entirety.[1]  For the

reasons set forth herein, Defendants' Motion should be granted.

## I.     **PRELIMINARY STATEMENT**

By all appearances, the sole reason that Plaintiff filed her case with this Court was to try

avoid the statutes of limitations problems she would have in Connecticut.  The Plaintiff has

forum shopped to take advantage of New York's three-year statute of limitations for negligence

claims.  The Plaintiff's efforts at forum shopping are, however, futile.  The conduct alleged in the

Complaint purportedly occurred in Connecticut (which has a two-year statute of limitations for

negligence claims), and none of the undersigned Defendants have any connection with the State

of New York.  The Court should, therefore, dismiss this matter as to the undersigned Defendants

because:  (1) there is no  personal jurisdiction over these Defendants; (2) this venue is improper

as to these Defendants; (3) the Plaintiff failed to make proper service of the Summons and

Complaint on some of these Defendants;  and (4) several of Plaintiff's claims are barred by the

applicable statute of limitations.

## II.    **FACTUAL BACKGROUND**

The Plaintiff, Rosey Kalayjian, alleges that, on January 16, 2005, she was sexually

assaulted by Defendant Michael Krzyzak, a registered massage therapist.  (See Complaint dated

January 16, 2008, ¶ 1.)  Plaintiff claims that this assault occurred at Stonewater Spa and

Boutique of Greenwich, Connecticut, which was "owned, operated, franchised, directed,

---

[1] The Complaint is attached as Exhibit A to the Declaration of James M. Sconzo, dated March 12, 2008 ("Sconzo Dec.").

1

managed, and/or otherwise supervised by [Defendants]." (Complaint, ¶ 1.) In her Complaint,

Plaintiff seeks to hold Defendants liable for damages she allegedly incurred as a result of the

alleged sexual assault. She asserts the following causes of action against Defendants:

| Count | Cause of Action |
|-------|-----------------|
| First Count | Assault |
| Second Count | Negligence |
| Third Count | Negligent Hiring/Supervision/Retention |
| Fourth Count | Negligent Infliction of Emotional Distress |
| Fifth Count | Negligence Per Se |
| Sixth Count Six | Invasion of Privacy/Intrusion Upon Seclusion |
| Seventh Count | Premises Liability |
| Eighth Count | Connecticut Unfair Trade Practices Act ("CUTPA") |
| Ninth Count | Intentional Infliction of Emotional Distress |

Although Plaintiff asserts that all the Defendants are responsible for her alleged injuries,

three of the named entities either no longer exist or never existed. Defendant Premier Salons

International, Inc. has not conducted business since it declared Chapter 11 bankruptcy in 1999.

(Declaration of Brian Luborsky, ¶ 4 [hereinafter "Luborsky Dec., ¶"] attached as Exhibit A to the

Sconzo Dec.; see docket from bankruptcy proceeding, Bankruptcy Petition No. 99-03975-MFW

(U.S. Bankruptcy Court, District of Delaware), available on PACER.) Premier Salons Canada,

Inc. also had ceased to do business prior to 2005. (Luborsky Dec., ¶ 5.)

Although Plaintiff has identified as a defendant an entity called "Premier, Inc." there is

not, and has never been, such an entity located at 3780 Fourteenth Avenue, Suite 106, Markham,

Ontario, Canada or 3762 Fourteenth Avenue, Suite 200, Markham, Ontario, Canada. (Luborsky

Dec., ¶ 6.) Moreover, no such entity has ever been connected with any of the other Defendants

or with Stonewater Spa and Boutique of Greenwich. (Luborsky Dec., ¶ 7.)

Although Plaintiff has identified as a defendant an entity called "Premier Salons Ltd.",

that is a Canada-based operating company that has no activities in the United States. (Luborsky

Dec., ¶ 8.)

Spa Capital LLC ("SC"), which has not been named as a defendant, is the legal entity that

owns and operates the defendant Stonewater Spa and Boutique in Greenwich, Connecticut.

"Stonewater Spa and Boutique" is simply a "doing business as" name utilized by SC for this spa.

Neither SC nor any of the Defendants are incorporated in New York, and they have no buildings,

business locations, offices, properties or leasehold interests in New York.  Neither SC nor any of

the defendants conduct any business in NY.  (Luborsky Dec., ¶¶ 9, 15.)  Neither SC nor any of

the Defendants are registered to conduct business in New York; they have not designated agents

for service of process in New York; and they do not solicit or seek business in New York.

(Luborsky Dec., ¶ 11.)  Neither SC nor any of the Defendants have any employees who work in

New York, and they do not directly advertise in New York in any forum.  (Luborsky Dec., ¶ 12.)

Neither SC nor any of the Defendants produce any goods or maintain any bank accounts or

telephone listings in New York.  (Luborsky Dec., ¶ 13.)  Neither SC nor any of the Defendants

have initiated any lawsuits in New York.  (Luborsky Dec., ¶ 14.)

## III.   LEGAL ARGUMENT

### A.    Standard Of Review

In considering a motion to dismiss, the Court is required to accept as true all well pleaded

facts in the Complaint and draw all reasonable inferences in favor of the Plaintiff; Easton v.

Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911, 112 S.Ct. 1943

(1992); but it is not compelled to accept conclusory allegations of law and unwarranted

inferences. See In re Syntex Corp. Securities Litigation, 95 F. 3d 922, 926 (9th Cir. 1996).

Dismissal is warranted where, under any set of facts that the Plaintiff can prove consistent with

the allegations, it is clear that no relief can be granted.  Hishon v. King & Spalding, 467 U.S. 69,

73, 104 S.Ct. 2229 (1984). "Defenses based on statutes of limitations are properly brought under Rule 12(b)(6) as motions to dismiss for failure to state a claim on which relief can be granted." Francis v. Blaikie Group, 372 F.Supp.2d 741, 743 n. 2 (S.D.N.Y.2005), aff'd, 177 Fed. Appx. 121 (2d Cir.2006).

While a motion for lack of personal jurisdiction or improper venue pursuant to Rules 12(b)(2) or 12(b)(3) cannot be converted into a Rule 56 motion, the Court may nevertheless consider the documents submitted outside the pleadings, using the legal standard of Rule 56 as an guide. See Kamen v. AT & T Co., 791 F.2d 1006, 1011 (2d Cir.1986); Melnick v. Adelson-Melnick, 346 F.Supp.2d 499, 503 & n. 19 (S.D.N.Y.2004) (citing Kamen and using summary judgment standard for Rule 12(b)(2) motion).

"The plaintiff[']s burden on a motion to dismiss for lack of jurisdiction is to establish the substantial likelihood that all the elements of personal jurisdiction can be proven by a preponderance of evidence at trial." Nautilus Ins. Co. v. Adventure Outdoors, Inc., --- F.R.D. ----, 2007 WL 4562877, *2 (E.D.N.Y. 2007) citing Peterson v. Spartan Indus., Inc., 33 N.Y.2d 463, 354 N.Y.S.2d 905, 310 N.E.2d 513 (N.Y.1974).

Where a court is presented with a Rule 12(b)(5) dismissal motion arguing insufficiency of process, "a Court must look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F.Supp.2d 382, 387 (S.D.N.Y.2002)). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." Howard v. Klynveld Peat Mrwick Goerdeler, 977 F.Supp. 654, 658 (S.D.N.Y.1997), aff'd, 173 F.3d 855 (2d Cir.1999). When a defendant makes a Rule 12(b)(5) motion, it is the plaintiff's burden of proof

to establish its service of process was adequate.  <u>See</u> <u>Preston v. New York</u>, 233 F.Supp.2d 452, 466 (S.D.N.Y.2002).

> **B.    Plaintiff Has Named Improper Entities As Defendants.**

As set forth above, Premier Salons International, Inc., Premier Salons Canada, Inc. and Premier Inc. did not conduct business at any time relevant to the events alleged in the Complaint. As such, all claims made against each of these named defendants should be dismissed.  <u>See, e.g.</u>, <u>Weinreich v. Sandhaus</u>, 1989 WL 130641, *6 (S.D.N.Y. 1989) ("Defendants also move for dismissal of defendant Science Faction Systems from the action on the ground that no such entity ever existed. Plaintiff does not contradict this assertion nor does plaintiff oppose such relief....Accordingly, we dismiss defendant Science Faction Systems from the action.")

> **C.    Defendants Premier Salons International, Inc. And John Doe d/b/a Stonewater Spa And Boutique Were Not Properly Served.**

Plaintiff  purports to have made service of the Summons and Complaint on the following defendants only: Premier Salons, Ltd.; Premier Salons Canada, Inc.; and Premier, Inc.  She does not purport to have served the defendants Premier Salons International, Inc. or John Doe d/b/a Stonewater Spa and Boutique.  (<u>See</u> Docket from case, available on PACER.)  Accordingly, Plaintiff's claims against these two entities should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).  <u>See</u> Fed. R. Civ. P. 4 (e) and (h) (setting forth requirements for making service on domestic or foreign corporation, or a partnership or other unincorporated association).

> **D.    The Court Lacks Personal Jurisdiction Over Defendants.**

In federal diversity cases such as this, the resolution of issues concerning personal jurisdiction are governed by the law of the state in which the district court sits.  <u>DiStefano v. Carozzi N. Am., Inc.</u>, 286 F.3d 81, 84 (2d Cir.2001); <u>CutCo Indus., Inc. v. Naughton</u>, 806 F.2d 361, 365 (2d Cir.1986); <u>Realuyo v. Abrille</u>, 93 Fed.Appx. 297, 298 (2d Cir. 2004).  As such, this

Court must first determine if New York's "long-arm statute" would confer jurisdiction to reach the Defendants. If the Plaintiff is able to satisfy the requirements under New York's long-arm statute, the Court must then determine whether the exercise of jurisdiction is permissible under the Due Process Clause of the Fourteenth Amendment. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002).

The statutory law of New York provides for two concepts of personal jurisdiction: general and specific. See N.Y. C.P.L.R. §§ 301-302 (McKinney 2003). For general jurisdiction, Defendants' overall contacts with the state must be substantial. See N.Y. C.P.L.R. § 301 (McKinney 2003) (permitting exercise of such jurisdiction over "persons, property, or status as might have been exercised heretofore."); Simonson v. Int'l Bank, 14 N.Y.2d 281, 251 N.Y.S.2d 433, 436-37, 200 N.E.2d 427 (N.Y.1964) (noting that a court can exercise personal jurisdiction over unlicensed foreign corporations that are "doing business" in New York). The substantive inquiry regarding general jurisdiction consists of a simple and pragmatic test in which the courts focus on a "traditional set of indicia" that include (1) the existence of a company office in the state, (2) the presence of bank accounts or property in the state, (3) the maintaining of a phone listing in the state, (4) any public relations work done in the state, and (5) attempts by the company to promote its interests through agents or other individuals permanently located in the state. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir.2000). Courts have not hesitated to dismiss cases even where defendants have significant contacts with the forum state. See, e.g., Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57-58 (2d Cir.1985) (finding that "extensive" correspondence regarding the parties' business relationship and fifty-four visits to New York to discuss business with the plaintiff was insufficient).

At hand, the Court does not possess general personal jurisdiction.  None of Defendants have contacts with New York sufficient to justify the exercise of general jurisdiction, and there is no evidence that Defendants possess any of the indicia identified by the <u>Wiwa</u> court.  As set forth above, none of Defendants conduct business in New York.  They do not have any presence or operations in New York, and they do not advertise in New York.  Therefore, it is clear that the Court lacks general personal jurisdiction over Defendants.

For the Court to properly exercise specific jurisdiction under New York's long arm statute, N.Y. C.P.L.R. § 302 (McKinney 2003), Plaintiff's cause of action must arise out of Defendants' contacts with the state.  N.Y. C.P.L.R. § 302 (McKinney 2003), provides, in relevant part, as follows:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

At hand, the Court does not possess specific jurisdiction.  None of Defendants transact any business in New York and none of the defendants supply goods or services in New York.

(Luborsky Dec., ¶ 15)  Therefore, § 302(1) does not reach Defendants.  Defendants did not

commit, and are not alleged to have committed, a tortious act in New York.  Rather, the act was

alleged to have occurred in Connecticut.  (Complaint, ¶ 1.)  Therefore, § 302(2) does not reach

Defendants.  See, e.g., NCA Holding Corp. v. Ernestus, 1998 WL 388562, *5 (S.D.N.Y. 1998)

(citing Bensusan Restaurant Corp. v. King, 126 F.3d 25, 29 (2d Cir. 1997) and stating: "To

subject non-residents to New York jurisdiction under § 302(a)(2), the defendant must commit the

tort while he or she is physically in New York.").  Similarly, § 302(3) does not reach Defendants

because Plaintiff claims she was injured outside of New York, and "it is well settled that the situs

of the injury [under CPLR § 302(3)] is the location where the event giving rise to the injury

occurred, and not where the resultant damages occurred."  O'Brien v. Hackensack, 305 A.D.2d

199, 201, 760 N.Y.S.2d 425 (N.Y.A.D. 1 Dept. 2003); see McGowan v. Smith, 52 N.Y.2d 268,

274-45, 437 N.Y.S.2d 643, 419 N.E.2d 321 (N.Y. 1981) (the residence of the injured party in

New York is not sufficient to satisfy the clear statutory requirement of an "injury within the

state"); Yanouskiy v. Eldorado Logistices Systems, Inc., 2006 WL 3050871, *7 (E.D.N.Y. 2006)

(citing McGowan and stating "it is well-settled that a plaintiff's New York residence does not

suffice to establish injury within New York state; instead, the infliction of injury must actually

occur within the state.").  Accordingly, Plaintiff cannot satisfy New York's specific jurisdiction

long-arm statute and the Court must dismiss the case for lack of personal jurisdiction.

      Dismissal is appropriate for the additional reason that Plaintiff cannot show that

exercising personal jurisdiction over Defendants would comport with Constitutional due process

requirements.  Due process requires that defendants have sufficient "minimum contacts" with the

forum state to justify the exercise of personal jurisdiction.  See Int'l Shoe Co. v. Washington,

326 U.S. 310, 66 S.Ct. 154 (1945); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S.

408, 104 S.Ct. 1868 (1984).  Once minimum contacts have been established, the second question

is whether the assertion of jurisdiction comports with the traditional notions of fair play and

substantial justice.  Id.  There are distinct minimum contacts tests for specific and general

jurisdiction.  The stricter test, requiring systematic and continuous contacts, applies to exercises

of general jurisdiction, which is invoked when the claim is unrelated to the defendant's contacts

with the forum state.  Helicopteros, supra, at 414-16 & n. 9 (1984).  Specific jurisdiction is

properly exercised where the defendant "purposefully directed" activities at forum residents and

the cause of action results from alleged injuries that relate to or arise out of the defendant's

contacts with the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174

(1985) (citations omitted).  Crucial to this minimum contacts analysis is a showing that the

defendant 'should reasonably anticipate being haled into court in the forum state, because the

defendant has purposely availed itself of the privilege of conducting activities there.  Id. at 474-

75.  "The "'purposeful availment' requirement ensures that a defendant will not be haled into a

jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."  Id. at 475.  The

constitutional "reasonableness" test applicable to both the specific and general jurisdiction test

"asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair

play and substantial justice' – that is, whether it is reasonable under the circumstances of the

particular case."  Int'l Shoe, supra, at 316.

      In this case, there are no minimum contacts sufficient for a constitutional exercise of

specific jurisdiction over Defendants.  Indeed, as set forth above, Defendants have no contacts

with New York.  Specific jurisdiction would therefore be unconstitutional.  See, e.g., Realuyo v.

Villa Abrille, 2003 WL 21537754, *8 (S.D.N.Y. 2003) (finding specific jurisdiction

unconstitutional where "defamation claim…did not arise out of or relate to any activities the

defendants purposefully directed to the residents of New York.")  Furthermore, Plaintiff certainly cannot meet her burden of establishing that the exercise of general jurisdiction would be appropriate.  See Helicopteros, supra, at 416 (holding that defendant's general business contacts did not meet the standard even where the defendant had purchased equipment in the forum state, sent personnel to the forum state for training, and sent a corporate officer to the forum for contract negotiations).  Additionally, exercising jurisdiction over Defendants would not be reasonable under the circumstances of this case given Defendants' utter lack of any contacts with the State of New York.

For all of these reasons, the Court lacks personal jurisdiction over Defendants, both under the New York long-arm statutes and the Constitution, and the Complaint should be dismissed as against Defendants.  See Sandoval v. Abaco Club on Winding Bay, 507 F.Supp.2d 312 (S.D.N.Y. 2007) (Robinson, J.) (dismissing case for lack of general and specific jurisdiction).

### E.    Venue In The Southern District Of New York Is Not Proper.

This case should be dismissed as against Defendants for the further reason that the venue of the Southern District of New York is not proper under Fed. R. Civ. P. 12(b)(3).

28 U.S.C.A. § 1391, entitled "Venue Generally," provides as follows:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
…

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to

10

personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Here, this case is based upon diversity of citizenship. (<u>See</u> Complaint, ¶ 2.)  Therefore, this case may have been brought only in a judicial district that qualifies under subsections (1), (2) or (3) of 8 U.S.C. § 1391(a).  Defendants do not all reside in the same state (<u>see</u> Complaint, ¶¶ 4-12 and Section II.D. of this Memo), so subsection (1) is not applicable.  Plaintiff concedes that the alleged event giving rise to this claim occurred in Connecticut (<u>see</u> Complaint, ¶¶ 25-38), so subsection (2) is not a basis for venue in the Southern District of New York.  Subsection (3) is not applicable because this case could have been brought in the District of Connecticut, pursuant to subsection (2), as that is where the alleged event giving rise to this claim occurred.  Because venue in the Southern District of New York is not proper under 8 U.S.C.A. § 1391, the case should be dismissed.  <u>See</u> <u>Spar, Inc. v. Information Resources, Inc.</u>, 956 F.2d 392, 394-95 (2d Cir. 1992) (dismissing case for improper venue); <u>see also</u> 28 U.S.C. § 1406.

**F.      Plaintiff's Assault, Invasion of Privacy, and Intentional Infliction of Emotional Distress Claims Are Barred by the Applicable Statutes of Limitations.**

Even if the Court had personal jurisdiction over Defendants and the Southern District of New York was the proper venue for this case, Plaintiff's claims in First, Sixth, and Ninth Counts would still fail as a matter of law because they are barred by the applicable statute of limitations.

Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations.  New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York.  <u>Stuart v. American Cyanamid Co.</u>, 158 F.3d 622, 626-27 (2d Cir.

11

1998).  A one-year statute of limitations applies to Plaintiff's First Count, alleging Assault, Sixth

Count, alleging Invasion of Privacy/Intrusion upon Seclusion, and Ninth Count, alleging

Intentional Infliction of Emotional Distress.  See N.Y. C.P.L.R. (McKinney 2003) 215[3] ("The

following actions shall be commenced within one year…an action to recover damages for

assault…or a violation of the right of privacy….); Krioutchkova v. Gaad Realty Corp., 28

A.D.3d 427, 428, 814 N.Y.S.2d 171 (N.Y.A.D. 2 Dept. 2006) ("The proposed causes of action

alleging sexual assault are subject to a one-year statute of limitations."); Costanza v. Seinfeld,

279 A.D.2d 255, 719 N.Y.S.2d 29 (N.Y.A.D. 1 Dept. 2001) (1 year period applies to invasion of

privacy claim); Kwarren v. American Airlines, 303 A.D.2d 722, 757 N.Y.S.2d 105 (N.Y.A.D. 2

Dept. 2003) (Citing CPRL § 215 and stating "The plaintiff's cause of action to recover damages

for intentional infliction of emotional distress is barred by the one-year statute of limitations.").

Plaintiff alleges that the event giving rise to this lawsuit occurred on January 16, 2005.  Her

Complaint was filed on January 16, 2008, three (3) years later.  Therefore, the claims in the First,

Sixth and Ninth Counts of the Complaint are time-barred and should be dismissed.

       **G.**     **Plaintiff's CUTPA Claim Fails As A Matter Of Law.**

      The CUTPA section authorizing actions for damages, Conn. Gen. Stat. § 42-110g states,

in part, as follows: "Any person who suffers any ascertainable loss of money or property, real or

personal, as a result of the use or employment of a method, act or practice prohibited by section

42-110b, may bring an action…."  In this case, Plaintiff's only claimed damages are emotional

distress damages.  (See Complaint, ¶ 110.)  However, such damages are not an "ascertainable

loss of money or property" as required by CUTPA, and Plaintiff's CUTPA claim therefore fails

as a matter of law.  See, e.g., Delsasso v. Broder, 2005 WL 3370376, *2 (Conn.Super. 2005)

(granting summary judgment on CUTPA claim because emotional distress is not an ascertainable

loss); Lane v. First Union Nat'l Bank, 2002 WL 982697, * n2 (Conn.Super 2002) (same);

Burney v. Downer Funeral Home, Inc., 2001 WL 1029613, * 5 (Conn.Super. 2001) (striking

CUTPA claim because emotional distress is not an ascertainable loss).  Therefore, Plaintiff's

CUTPA claim in the Eighth Count should be dismissed.

IV.    **CONCLUSION**

Based upon the foregoing, Defendants respectfully request that their Motion to Dismiss

be granted.


DEFENDANTS
PREMIER SALONS INTERNATIONAL, INC.,
JOHN DOE D/B/A STONEWATER SPA AND
BOUTIQUE,
PREMIER SALONS CANADA, INC.,
PREMIER SALONS LTD., AND
PREMIER, INC.



By:/s/  James M. Sconzo
    James M. Sconzo, Esq. (# JS8390)
    JORDEN BURT, LLP
    175 Powder Forest Drive, Suite 201
    Simsbury, CT 06089
    Telephone:  860-392-5000
    Facsimile:  860-392-5058
    Email:      jms@jordenusa.com
    Their Attorney

## **CERTIFICATION**

This is to certify that on this 12th day of March, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system:

Stephan Erich Seeger
Sherman, Richichi & Hickey, LLC
27 Fifth Street
Stamford, CT 06905
(203)-273-5170
Fax: (203)-348-7313
Email: seegrkid2@aol.com

/s/  James M. Sconzo
James M. Sconzo

194517

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROSEY KALAYJIAN, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 7:08 CV 0428 (ROBINSON) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| PREMIER SALONS INTERNATIONAL, INC., | : | |
| JOHN DOE D/B/A STONEWATER SPA AND | : | |
| BOUTIQUE, PREMIER SALONS CANADA, | : | |
| INC., PREMIER SALONS LTD., PREMIER | : | |
| INC., and MICHAEL KRZYZAK, | : | |
|     Defendants. | : | |

## <u>DECLARATION OF JAMES SCONZO</u>

I, James Sconzo, of full age, do hereby declare, in accordance with 28 U.S.C. § 1746, as follows:

1.      I am admitted to the bar of this Court, and I am a partner at Jorden Burt LLP, counsel for defendants, Premier Salons International, Inc., John Doe d/b/a Stonewater Spa and Boutique, Premier Salons Canada, Inc., Premier Salons Ltd., and Premier, Inc. ("Defendants").  I submit this declaration in support of Defendants' Motion to Dismiss Plaintiff's Complaint.

2.      Attached as exhibits hereto are true and correct copies of the following:

      Exhibit A      Plaintiff's Complaint

      Exhibit B      Declaration of Brian Luborsky

I declare under the penalty of perjury that the foregoing is true and correct.


Executed on March 12, 2008


/s/  James M. Sconzo
James M. Sconzo

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSEY KALAYJIAN                         :

                           **Plaintiff**       :

v.                                 : Civil Action No.

                                           :

PREMIER SALONS INTERNATIONAL, INC., JOHN :
DOE d/b/a STONEWATER SPA AND BOUTIQUE, :   **COMPLAINT**
PREMIER SALONS CANADA, INC., PREMIER    :
SALONS LTD., PREMIER INC., MICHAEL       :
KRZYZAK                                :

                         **Defendants**     : Jury Trial Demanded:

08 CIV. 0421
ROBINSON

Plaintiff R.Kalayjian, by and through her Attorney, and for her Complaint in this

action, alleges, based upon personal knowledge, or information and belief, as follows:

### PRELIMINARY STATEMENT

1.     This action for damages arises out of the sexual assault of the plaintiff,

Rosey Kalayjian ("Plaintiff"), by a licensed and registered massage therapist,

**MICHAEL KRZYZAK** (hereinafter "**KRZYZAK**"), employed at all material times

herein at the Defendant **STONEWATER SPA AND BOUTIQUE OF GREENWICH**

(hereinafter "**STONEWATER**").  At all material times said spa was owned, operated,

franchised, directed managed, and/or otherwise supervised by Defendants, **PREMIER**

**SALONS INTERNATIONAL INC., JOHN DOE D/B/A STONEWATER SPA AND**

**BOUTIQUE, PREMIER SALONS CANADA INC., PREMIER SALONS LTD.,**

**PREMIER INC.**, and/or any of them, individually and/or in conjunction with one or

more of the others ("hereinafter referred to as "**SPA DEFENDANTS**").

While visiting Stonewater spa for a theraputic massage on January 16, 2005, the

Spa Defendants or any of them, via their agents, servants, representatives, managers,

and/or employees, permitted Defendant Michael **KRZYZAK** to serve the Plaintiff as

massage therapist, in spite of the fact that said **SPA DEFENDANTS**, or any of them, were, or should reasonably have been aware, through their own internal information and/or via the complaints of others, that the Defendant **MICHAEL KRZYZAK** had engaged in inappropriate sexual touching of employees and/or clients on previous occasions, and was an unfit and unsafe employee who had a propensity to engage in sexually inappropriate behavior toward co-workers and **STONEWATER** clientele.

As a result of this deliberate, reckless, and/or negligent indifference of the SPA DEFENDANTS, coupled with its/their (1) failure to properly hire and/o train their massage therapists, and (2) failure to properly supervise or remove an employee known to have been inappropriately touching female clientele, Defendant **KRZYZAK**, while in the employ of the **SPA DEFENDANTS**, or any of them, carried out a sexual assault upon the Plaintiff at the Stonewater Spa, and in the course thereof, perpetrated civil wrongs upon the Plaintiff, to wit, sexual assault and battery, intentional and negligent infliction of emotional distress, negligence, negligent hiring/supervision/retention, negligence *per se*, and invasion of privacy.

In addition, the actions and conduct of the SPA DEFENDANTS in structuring, operating and/or conducting business in the State of Connecticut, violated the Connecticut Unfair Trade Practices Act.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367; diversity jurisdiction is complete.

## VENUE

3.    Venue lies properly in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.  At all times material to this action, the Plaintiff, **ROSEY KALAYJIAN** was a resident of the State of New York.

5.  At all times material to this action, the Defendant, **MICHAEL KRZYZAK** was a resident of the State of New York, located at 8 Dutchess Terrace, Wapppingers, Falls, NY 12590.

6.  At all times material to this action, the Defendant, **PREMIER SALONS INTERNATIONAL, INC.**, (hereinafter "**PREMIER INC.**"), which upon information and belief is a Delaware Corporation, conducted business as "Stonewater Spa and Boutique Greenwich"and/or "Stonewater Spa" ("**PREMIER D/B/A STONEWATER**"), has a corporate headquarters located at 8341 Tenth (10th) Avenue North, Minneapolis, Minnesota.

7.  At all material times the Defendant, **PREMIER SALONS CANADA INC.** (hereinafter "Premier Canada"), which conducted business as "**STONEWATER SPA AND BOUTIQUE GREENWICH**" and/or "**STONEWATER SPA**", is a Canadian and/or Ontario Corporation with a registered head office of 3780 Fourteenth (14th) Avenue, Suite 106, Markham, Ontario Canada and/or 3762 Fourteenth (14th) Avenue, Suite 200, Markham, Ontario Canada.

8.  At all material times the Defendant, **PREMIER SALONS LTD.** (hereinafter **PREMIER LTD**), which conducted business as "**STONEWATER SPA AND BOUTIQUE GREENWICH**" and/or "**STONEWATER SPA**," was a Canadian and/or

Ontario Corporation with a registered head office of 3780 Fourteenth (14th )Avenue,
Suite 106, Markham, Ontario Canada and/or 3762 Fourteenth Avenue (14th) , Suite 200,
Markham, Ontario Canada.

9. At all material times the **DEFENDANT, PREMIER INC.**, which conducted
business as **"STONEWATER SPA AND BOUTIQUE GREENWICH"** and/or
**"STONEWATER SPA,"** was a Canadian and/or Ontario Corporation with a registered
head office of 3780 Fourteenth (14th) Avenue, Suite 106, Markham, Ontario Canada
and/or 3762 Fourteenth (14th ) Avenue, Suite 200, Markham, Ontario Canada.

10. Upon information and belief, **JOHN DOE D/B/A "STONEWATER SPA
AND BOUTIQUE GREENWICH"** is a proprietorship, partnership, limited partnership,
limited liability company, corporation and/or other corporate or business entity
recognized at law, whose actual legal name is unknown and/or not readily ascertainable,
because the same is not registered pursuant to Connecticut law in the Town of Greenwich
and/or the Secretary of State's public records, but whose address appears to be 151
Greenwich Ave, Greenwich, Connecticut.

11. Defendants, **PREMIER SALONS INTERNATIONAL, INC., PREMIER
SALONS CANADA INC., PREMIER SALONS LTD., PREMIER INC.**, and/or
**JOHN DOE D/B/A "STONEWATER SPA AND BOUTIQUE GREENWICH"** shall
hereinafter be referred to collectively as the **"SPA DEFENDANTS."**

12. Upon information and belief, Defendants, **PREMIER SALONS CANADA
INC., PREMIER SALONS LTD., PREMIER INC.**, and/or **"JOHN DOE D/B/A
"STONEWATER SPA AND BOUTIQUE GREENWICH,"** or any of them
individually, on in conjunction with any of the other of said Defendants, stands in the
relationship of parent company/corporation to **PREMIER SALONS**

INTERNATIONAL INC., which operates and/or conduct business as
"STONEWATER SPA AND BOUTIQUE GREENWICH," and/or "STONEWATER
SPA."

13. Upon information and belief, none of the **SPA DEFENDANTS** have
registered a Trade or Business Name as required under Connecticut Law with the Town
of Greenwich, or any place wherein said Defendant conducts business in the State of
Connecticut, or with the Secretary of State of Connecticut as a domestic corporation or
foreign corporation authorized to conduct business in the State.

14. Upon information and belief, one or more of the **SPA DEFENDANTS**,
either individually and/or in conjunction with any one or more of said Defendants, owns
and/or operates the business known as "**STONEWATER SPA AND BOUTIQUE OF
GREENWICH**," and/or "**STONEWATER SPA**," located at 151 Greenwich Ave,
Greenwich Connecticut.

15. Upon information and belief, one or more of the **SPA DEFENDANTS** either
individually and/or in conjunction with any one or more of said Defendants, is a
franchisor, which franchised "**STONEWATER SPA AND BOUTIQUE OF
GREENWICH**," and/or "**STONEWATER SPA**," to one or more of the owners of said
spa.

16. One or more of the **SPA DEFENDANTS**, either individually and/or in
conjunction with any one or more of said **SPA DEFENDANTS**, is a Franchisee,
operating **"STONEWATER SPA AND BOUTIQUE OF GREENWICH,"** and/or
**"STONEWATER SPA"** as such, pursuant to an agreement with any one or more of the
**SPA DEFENDANTS**, their agents, servants, affiliates, partners, subsidiaries, and/or
other representatives.

17.  Upon information and belief, one or more of the **SPA DEFENDANTS**, either individually and/or in conjunction with any one or more of said Defendants, is a Partner, Owner, Affiliate, Agent, Representative, Servant, Manager, and or other Supervisory entity, which oversees, manages, directs, controls, and/or operates the "**STONEWATER SPA. AND BOUTIQUE GREENWICH**" and/or "**STONEWATER SPA**" located at 151 Greenwich Avenue, Greenwich, Connecticut.

## FACTS

25.  On or about January 16, 2005, the Plaintiff, Rosey Kalayjian, purchased a massage from the **SPA DEFENDANTS**, or any of them, which was performed at **STONEWATER SPA** and Boutique, located at 151 Greenwich Avenue in Greenwich, Connecticut.

26.  The Defendant, Michael **KRZYZAK**, was instructed by the SPA DEFENDANTS, or any of them, via its/their agents, servants, employees, and/or other representatives, to perform said massage.

27.  At the time of said massage, the Defendant, **MICHAEL KRZYZAK**, was acting as an agent, servant, employee and/or representative of the **SPA DEFENDANTS**, or any of them, and was under the supervision, direction, instruction, control and/or management of said Defendants.

28.  Prior to the commencement of the massage **KRZYZAK** showed the Plaintiff where to go and disrobe, and cover herself with sheets which were provided to her.

29.  During the course of the massage, **KRZYZAK** improperly and without license, consent, or permission, touched the Plaintiff inappropriately by rubbing his hands over Plaintiff's buttocks and the sides of her breasts, making the Plaintiff extremely uncomfortable.

-6-

30. Upon the conclusion of the massage, the Plaintiff was asked what she thought about the massage, and she informed **KRZYZAK** that she felt uncomfortable for the last ten minutes of the same because of the inappropriate touching to which **KRZYZAK** words to the effect "I saved my best for last."

31. Leaning into the Plaintiff as she remained on the massage table, the Defendant asked for a hug; anxious to leave and feeling uncomfortable the Plaintiff gave the Defendant **KRZYZAK** a light pat on the back, whereupon said Defendant drew the Plaintiff close to his body and hugged her very tightly, until the Plaintiff moved away, and pushed the Defendant back.

32. Upon pushing **KRZYZAK** away, and rejecting his advancements, the Plaintiff was visibly upset, frightened, and confused over **KRZYZAK**'s conduct; and was informed by **KRZYZAK** that it was a pleasure to have massaged her.

33. When she attempted to end the session and alight from the massage table, the Plaintiff was further accosted by **KRZYZAK**, who proceeded to lift up the sheet that covered the Plaintiff's virtually naked body, and climb under the same, as he positioned himself onto the massage table next to the Plaintiff, and in direct body contact with her.

34. Upon climbing under the sheets and on the massage table, **KRZYZAK** proceeded to grope the Plaintiff, ultimately placing his hands around the Plaintiff's shoulders as he kissed the Plaintiff's neck successively in an upward direction, planting kisses on her chin and cheek.

35. While kissing the Plaintiff, **KRZYZAK** uttered words to the effect that when the Plaintiff returned for another massage, "it would be even better."

-7-

36. Before **KRZYZAK** was able to reach the Plaintiff's face and lips, the Plaintiff was able to thwart his advances with a very hard push to the Defendant's chest area.

37. Immediately after Plaintiff was able to push **KRZYZAK** away from her, and while she was visibly upset and frightened, he uttered words to the effect that he hoped he saw her again, further frightening and embarrassing the Plaintiff.

38. Upon **KRZYZAK** leaving the room, the Plaintiff got dressed and left the establishment shocked and humiliated.

39. Immediately upon departing the **STONEWATER SPA**, the Plaintiff telephoned a friend and informed her of what happened, and shortly thereafter Plaintiff reported the incident to police.

40. The police investigated the incident and determined that the Defendant's employee file contained Incident/Corrective Action records detailing complaints that **KRZYZAK** had once touched a co-worker's "bottom" in a break room, and on another occasion he had brushed a co-worker's backside during a service, both incidents appearing to have occurred within approximately one year of the incident involving the Plaintiff and KRZYAK, and neither of which appears to have resulted in serious corrective action, or other disciplinary measures.

41. Police investigation of the Plaintiff's claim also revealed that **KRZYZAK** had sexually assaulted a female patron during the massage which took place at **STONEWATER SPA** during the appointment time immediately preceding the Plaintiff's appointment, on January 16, 2005, and that the assaulted patron complained to **SPA DEFENDANT** employees immediately after the incident stating, *inter alia*, that: (1) **KRZYZAK** pulled her sheet down exposing her breast, (2) **KRZYZAK** oiled his

-8-

hands and swept upwards as the patron lay on the massage table, fully grabbing the patron's breasts and touching her nipples, after being told to stop the same, (3) **KRZYZAK** was told to stop rubbing the patron's inner thigh because he was uncomfortably close to her vaginal area, and (4) **KRZYZAK** made the patron feel uncomfortable because he was brushing up against the massage table with his pelvic area and his hands were very shaky.

42. A further Incident/Corrective Action report contained in **KRZYZAK's** employee file detailed the incident of January 16, 2005, confirming the assault, noting that a patron complained that on two separate occasions during her massage KRZYZAK stroked her breast near the nipple area, even after being told that such contact was uncomfortable, and that **KRZYZAK** should "not do it again."

43. The patron who was assaulted immediately prior to the Plaintiff told the **SPA DEFENDANTS'** staff, that as she saw the Plaintiff being led into a massage room at the **STONEWATER SPA**, immediately after her own chilling experience, that she felt bad for the female going in with **KRZYZAK**; in spite of the comment, and the complaint, the SPA DEFENDANTS failed to stop the Plaintiff's massage, or otherwise protect the Plaintiff from similar misconduct.

44. On April 26, 2005, **KRZYZAK** was arrested for two counts of sexual assault, contrary to Connecticut General Statutes 53a-73a, and two counts of disorderly conduct contrary to Connecticut General Statutes 53a-182.

45. At all times material to this Complaint, one or more of the **SPA DEFENDANTS**, either individually, or in conjunction with one or more of the others, or any other individual or entity, was engaged in and throughout many States, including New York and Connecticut, in the business of selling and/or providing services related to

-9-

health care and beauty to the public, including, but not limited to, relaxation therapies and massage services.

46. Upon information and belief, one or more of the **SPA DEFENDANTS**, either individually, or in conjunction with one or more of the others, or any other individual or entity, was engaged in and throughout may States, including New York and Connecticut, in the business of franchising spas which provided services related to health care and beauty to the public, including, but not limited to, relaxation therapies and massage services.

47. Upon information and belief, one or more of the **SPA DEFENDANTS**, either individually and/or conjunction with one or more of the others, employed, supervised, trained, directed educated, and/or managed said Defendants' staff, including its managers and massage therapists, and at all times material hereto, were otherwise responsible for their employees,' and/or franchisees' conduct, behavior, and/or professionalism, in conducting business with the public, and in relation to the treatment and safety of spa clientele.

48. At all material times herein, Defendant **KRZYZAK** was an agent, servant, employee and/or other representative of the **SPA DEFENDANTS**, or any of them, and he owed a duty of reasonable care to the Plaintiff, and all of the clientele he served in his capacity as "massage therapist" for said defendants.

49. At all material times herein, the **SPA DEFENDANTS** via their agents, servants, employees, and/or other representatives, were responsible for the creation, maintenance, supervision, operation, and or control, of **STONEWATER** and/or other **SPA DEFENDANTS'** clients.

-10-

50.    At all material times herein, the **SPA DEFENDANTS** were responsible for the actions, conduct, errors, and omissions of their agents, servants, employees, and/or other representatives, including but not limited to, those of the Defendant MICHAEL KRZYZAK.

51. At all material times the Defendants acted individually and/or in concert with each other.

## FIRST COUNT

### ASSAULT

52. Paragraphs 1 through 52 are repeated and realleged as if the same were set forth fully herein.

53. The Defendant, **MICHAEL KRZYZAK**, intentionally, wilfully, recklessly, wantonly, and/or negligently, contacted the body and/or person of the Plaintiff in a harmful and/or offensive manner and/or placed the Plaintiff in immanent fear of harmful or offensive contact, and therefore, perpetrated an Assault upon the Plaintiff.

54. The assault included, but was not limited to, the following unlawful conduct by the Defendant, **MICHAEL KRZYZAK**: :

   (a)    sexually and physically contacting Plaintiff's body by massaging her buttocks and around the sides of her breasts, causing her to feel uncomfortable, for the sole, sadistic purpose of amusing and gratifying **KRZYZAK**;

   (b)    sexually and physically assaulting the Plaintiff by inappropriately hugging her "tightly" in a sexually suggestive manner, upon completion of her massage;

   c)    pulling away, snatching, and getting under the sheet which clad the Plaintiff's virtually naked body, and climbing onto her massage table, placing his body into contact with that of the Plaintiff's;

(d)    putting his hands around the neck and shoulders of the Plaintiff and kissing the left neck area, and continuing to do so after being pushed away by the Plaintiff;

55. The conduct of the Defendant, **MICHAEL KRZYZAK**, was performed without lawful excuse, justification and/or privilege, absent consent, and against the Plaintiff's will.

56. The **SPA DEFENDANTS** knew, or should have known, that the conduct of Defendant, **MICHAEL KRZYZAK**, was likely to result in harm to the **SPA DEFENDANTS'** clients.

57. At all material times the **SPA DEFENDANTS**, or any of them, were on notice that the Defendant, **MICHAEL KRZYZAK**, had a propensity to behave in a sexually inappropriate, harmful, and abusive manner, toward its vulnerable clientele, and at all material times were vicariously liable for the acts and/or omissions of their agent, servant, employee or other representative.


58. As a direct and/or proximate result of the Defendants' conduct, the Plaintiff was caused to suffer extreme humiliation, anxiety, embarrassment, pain, and anguish.

59. As a further result thereof, the Plaintiff suffered severe mental and emotional distress, manifested by such physical and other symptoms as: sleeplessness, anxiety, stress, fright, nervousness, fatigue, depression, nausea, hypersensitivity, and crying.

60. As a further result thereof Plaintiff has been unable to carry out all of the functional activities of her life in the same and/or similar manner as she did prior to sustaining said injuries, including but not limited to, maintaining normal trusting relationships with others.

61. As a further result thereof, the Plaintiff has sought counseling and/or medical attention, and will continue to require and bear the expense of future treatment.

62. The Plaintiff is therefore entitled to recover from Defendants compensatory, general, consequential and punitive damages, in an amount to be determined at a trial of this matter.

## SECOND CLAIM FOR RELIEF

### NEGLIGENCE

63. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52) as if set forth fully herein.

64. At all material times the Defendants owed the Plaintiff a duty of care, which included a duty to avoid the creation of foreseeable risks of harm to the Plaintiff, and her physical and emotional well being, as well as a duty to provide Plaintiff with a massage in a professional environment, free from the perpetration of harm or any form of physical or sexual assault by any agent, servant, representative and/or employee.

65. At all material times the Defendant knew, or ought to have known, that the Plaintiff was especially vulnerable because:

> a) like other persons in her situation, she believed that the Defendants, or any of them, carried on a professional massage therapy business that assisted people with relaxation, and that a facility such as **STONEWATER SPA** and Boutique Greenwich employed professional and licensed therapists concerned with her well being;

> b) the therapy she purchased, by its very nature, demands respect for the dignity of a patron's body, and respect for a person's privacy, inasmuch as patrons in Plaintiff's position receive therapy requiring touching of unclad or scantily clad body parts;

> c) she came to the **STONEWATER SPA AND BOUTIQUE** for the express purpose of relaxing her muscles in preparation for a then upcoming medical/surgical procedure.

-13-

66.    The Defendants owed a duty to Plaintiff to exercise the care and skill

ordinarily expected of reasonable people and employers or employees similarly situated.

67.    The acts and conduct of the **SPA DEFENDANTS** breached the duty of

care expected of those similarly situated in one or more of the following ways:

(A) between December 2004 and January 16, 2005, prior to Plaintiff
having been assaulted, the **SPA DEFENDANTS**, or any of them, knew,
or reasonably should have known, that **KRZYZAK** had assaulted, and
was likely to continue assaulting, female spa patrons, yet said Defendants,
its agents, servants, representatives and/or employees, failed to terminate
or suspend his employment, or otherwise implement safe procedures
designed to prevent **KRZYZAK** from attacking spa patrons,

(B) said **SPA DEFENDANTS**, or any of them, failed to warn the Plaintiff
of **KRZYZAK'S** conduct, which occurred immediately prior to the
Plaintiff's massage, and

© **SPA DEFENDANTS**, their/its agents, servants, representatives and/or
employees, failed to contact authorities and/or management immediately
upon learning about **KRZYZAK**'s January 16, 2005 attack upon the
patron immediately prior to the Plaintiff.

(D) **SPA DEFENDANTS**, or any of them, failed to properly investigate
Defendant Michael **KRZYZAK**'s background and fitness for the position
of a massage therapist; including, without limitation, verifying references,
reviewing his licensing record, communicating with prior employers, and
checking criminal records;

(E) **SPA DEFENDANTS** failed to properly train its employees in a
manner conducive to preventing the inappropriate and/or improper
touching of female patrons, and committing sexual assault and sexual
harassment upon spa patrons;

(F) **SPA DEFENDANTS** failure to prepare, set up, institute and/or
enforce a policy forbidding the sexual molestation, sexual harassment,
sexual battery, and/or sexual assault by its employees;

(G) **SPA DEFENDANTS** failed to implement appropriate reporting
procedures for use in situations where a sexual assault complaint is made
during working hours, and where the offending employee is scheduled to
provide massage services to other spa patrons subsequent to said
complaint;

(H) **SPA DEFENDANTS** failed to adequately and properly monitor and/or staff the spa with qualified and competent management, or otherwise assign an on-call manager for employees to contact in case of emergency;and/or

(I) **SPA DEFENDANTS** failed to properly supervise and/or review the progress of spa employees and/or staff on a regular basis, conducive to ensuring appropriate behavior toward spa clientele.

68. The **SPA DEFENDANTS**, or any of them, breached the duty of care owed to the Plaintiff by failing to take any action reasonably calculated to prohibit, prevent or otherwise deter further sexual misconduct by Defendant, **MICHAEL KRZYZAK**..

69. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **SECOND CLAIM FOR RELIEF.**

## THIRD CLAIM FOR RELIEF (SPA DEFENDANTS)

### NEGLIGENT HIRING\SUPERVISION\RETENTION

70. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

71. At all material times the **SPA DEFENDANTS** owed the Plaintiff business invitee a duty of care, to properly and safely hire, supervise and retain, its agents, servants, representatives, managers and/or employees, whom said Defendants, or any of them, knew would be involved in the sensitive field of theraputic massage services.

72. The **SPA DEFENDANTS**, or any of them, breached said duty in one or more of the following ways:

a) failing to properly investigate Defendant **MICHAEL KRZYZAK'S** background and fitness for the position of a massage therapist, which is a sensitive position; including, without limitation, verifying references, assessing qualifications, reviewing his licensing record, communicating with prior employers, checking criminal records,;

b) failing to properly train its employees in a manner conducive to prevent the inappropriate and/or improper touching of female patrons, and committing sexual assault and sexual harassment upon members of the public;

c) failing to prepare, set up, institute and/or enforce a policy forbidding the sexual molestation, sexual harassment, sexual battery, and/or sexual assault by its employees;

d) failing to implement appropriate reporting procedures for use in situations where a sexual assault complaint is made during working hours and where the offending employee is scheduled to provide massage services to other spa patrons subsequent to said complaint;

e) failing to monitor and/or staff the spa with qualified and competent management, or otherwise assign an on-call manager for employees to contact in case of emergency;

f) failing to properly supervise spa employees and/or staff on a regular basis and in a manner conducive to ensuring appropriate behavior toward spa clientele; and/or

g) failing to take appropriate steps to terminate and/or suspend **MICHAEL KRZYZAK** in light of very serious allegations of inappropriate sexual misconduct, prior to his assault upon the Plaintiff, and in spite of notice of his propensity to behave in a sexually inappropriate manner toward females.

h) failing to properly discipline the Defendant, **MICHAEL KRZYZAK**, after he demonstrated dangerous and inappropriate sexual misconduct, on several occasions prior to assaulting the Plaintiff.

73. In spite of advanced knowledge and/or notice of **KRZYZAK's** prior sexual misconduct with his co-workers and another patron, the SPA DEFENDANTS or any of

them, retained **KRZYZAK** as an employee, and failed to monitor and supervise him accordingly.

74.  Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **THIRD CLAIM FOR RELIEF.**

## FOURTH CLAIM FOR RELIEF

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

75.  Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

76.  At all material times the **SPA DEFENDANTS** owed the Plaintiff business invitee a duty of care to provide a reasonably safe environment in which Plaintiff might seek out services in the sensitive field of theraputic massage.

77.  At all material times the **SPA DEFENDANTS** knew, or ought to have known, that the conduct of its employees in massaging the plaintiff in a sexually inappropriate manner would violate said duty of care, and result in severe emotional distress to the Plaintiff.

78.  The **SPA DEFENDANTS** knew, or should have known, that their actions, and the actions and/or conduct of their agents, servants, employees, or other representatives, involved an unreasonable risk of harm, and unreasonable risk of causing severe emotional distress, to the Plaintiff, and said harm and emotional distress was a foreseeable consequence of the SPA DEFENDANTS' negligent conduct.

79.  Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **FOURTH CLAIM FOR RELIEF**.

-17-

**FIFTH CLAIM FOR RELIEF**

**NEGLIGENCE PER SE**

80. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein. .

81. The actions of the Defendant, **MICHAEL KRZYZAK**, violated Connecticut General Statutes, to wit:

> i) Disorderly Conduct; C.G.S. § 53a-182; and

> ii) Sexual Assault in the Fourth Degree; C.G.S. § 53a-73a

83. The actions of the Defendant, **MICHAEL KRZYZAK**, in violating the aforesaid statutes, constitute negligence *per se*, as against the Defendants, or any of them.

84. At all times material hereto, **SPA DEFENDANTS**, or any of them, are responsible and vicariously liable for the acts, errors and/or omissions of its agents, servants, representatives, franchisees, and/or employees.

85. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **FIFTH CLAIM FOR RELIEF**.

**SIXTH CLAIM FOR RELIEF**

**INVASION OF PRIVACY/INTRUSION UPON SECLUSION**

86. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

87. The Defendants and/or any of them, personally, or via their agents, servants, employees, or other representatives, intentionally, recklessly and/or negligently, without lawful excuse, privilege, justification, or statutory authority, and/or under a void process, performed acts and engaged in conduct, against the Plaintiff's will, and without her

-18-

consent, constituting an invasion of the Plaintiff's privacy, by intruding upon the

Plaintiff's right to seclusion and solitude, to wit:

> a) fondling the Plaintiff's breasts while acting as a professional massage
> therapist;
>
> b) snatching and or pulling away the Plaintiff's sheet while she was on the
> massage table, and with full knowledge that she was virtually naked;
>
> c) jumping under the Plaintiff's sheet, and laying next to the Plaintiff on
> the massage table;
>
> d) kissing the Plaintiff's neck and chin, rubbing her shoulders, and
> pushing up against the Plaintiff while she was on the massage table; and
>
> e) hugging the Plaintiff very tightly while pressing his body onto
> Plaintiff's body in a sexually inappropriate manner.

88. At all material times, the Plaintiff had a reasonable expectation of privacy,

and a concomitant right to be left alone, free of unwanted intrusions, sexual and/or

otherwise, especially during what the Defendant, **MICHAEL KRZYZAK** fully knew

and understood to be a professional massage visit by the Plaintiff.

89. The conduct of the Defendants and/or any of them constituted a violation of

the Plaintiff's reasonable expectation of privacy.

90. The conduct engaged in by the Defendants, and/or any of them, would be

highly offensive to any reasonable person of ordinary sensibility.

91. The Defendants and/or any of them, knew or should have known, that the

aforementioned conduct would be highly offensive to any reasonable person of ordinary

sensibility.

92. At all times material hereto, **SPA DEFENDANTS**, or any of them, were

responsible and vicariously liable for the acts, errors and/or omissions of their/its agents,

servants, representatives, franchisees, and/or employees.

93. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **SIXTH CLAIM FOR RELIEF.**

**SEVENTH CLAIM FOR RELIEF**

**PREMISES LIABILITY**

94. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

95. At all times material hereto, the Defendants, or any of them, owned and/or otherwise possessed and controlled the premises located at 151 Greenwich Avenue, Greenwich Connecticut, upon which the **STONEWATER SPA AND BOUTIQUE GREENWICH** was operated by one or more of the **SPA DEFENDANTS**.

96. At all times material hereto, the **SPA DEFENDANTS**, or any of them, directly, or indirectly via their agents, servants, representatives, or employees, held themselves out to the public as a valid company doing business as a spa, which provided services, including, but not limited to, massage therapy.

97. At all times material hereto, the Plaintiff, **ROSEY KALAYJIAN**, was a business invitee, as to the **SPA DEFENDANTS**, or any of them, inasmuch as she was invited to the **SPA DEFENDANTS'** premises for the purpose which said defendants held themselves out to the public; namely, to acquire the massage therapy services from the **SPA DEFENDANTS**, or any of them, or their agents, servants, representatives, or employees.

98. The **SPA DEFENDANTS**, or any of them, as owners and/or possessors of the aforementioned premises, owed the Plaintiff a duty of care to protect against and warn the Plaintiff of dangerous conditions which would reasonably be anticipated to exist

-20-

on the premises, including, but not limited to, the activities taking place upon such premises.

99.  The **SPA DEFENDANTS**, or any of them, as owners and/or possessors of the aforementioned premises, had a duty to warn the Plaintiff invitee of dangers that said Plaintiff could not reasonably be expected to antcipate.

100.  The **SPA DEFENDANTS**, or any of them, as owners and/or possessors of the aforementioned premises had a duty to prevent injury to the Plaintiff Invitee, where said defendants knew, or reasonably should have known, about a dangerous condition or situation upon the premises, including, but not limited to, the activities of third persons and/or employees upon the property.

101.  At all material times the **SPA DEFENDANTS** knew, or reasonably should have know, about the Defendant **KRZYZAK's**, propensity for inappropriate sexual misconduct, and should have warned the Plaintiff that **KRZYZAK** was dangerous, or otherwise taken steps to expel, eject, or remove **KRZYZAK** from the premises, so as to prevent injury to the Plaintiff by **KRZYZAK'S** conduct.

102.  By failing to warn of **KRZYZAK** as a danger, and by failing to remove him from the premises, the **SPA DEFENDANTS**, or any of them, created a reasonably foreseeable risk of harm to the Plaintiff, and therefore, breached their duty to the Plaintiff invitee.

103.  At all times material hereto, **SPA DEFENDANTS**, or any of them, were responsible for, or otherwise  vicariously liable for, the acts, errors, and/or omissions of its agents, servants, representatives, franchisees, and/or employees.

104.  Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **SEVENTH CLAIM FOR RELIEF**

## **EIGHTH CLAIM FOR RELIEF**

### **Connecticut Unfair Trade Practices (C.U.T.P.A.)**

105. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein.

106.  At all relevant times herein, the **SPA DEFENDANTS**, or any of them, were engaged in a trade or business as those terms are defined in **C.G.S. §42-110(a)**, in the State of Connecticut.

107.  The Defendants, or any of them, advertised in or about the area, and on the internet, as a luxury spa with professional staff, conducting business in Greenwich Connecticut.

108.  The aforesaid acts of the Defendants, its agents, servants, representatives, franchisees, or employees, including, but not limited to:

> (1) failing to register as a business, or register a business trade name with either the Secretary of State or the Town of Greenwich and/or (2) failing to supervise and/or screen franchisee and/or employees for a sensitive profession such as massage therapy

constitute, either in themselves, or in connection with one another, violations of the **Connecticut Unfair Trade Practices Act, C.G.S. §42-110(b).**

109.  The conduct of the Defendants, violates the **Connecticut Unfair Trade Practices Act §42-110(b)**, because such conduct constitutes unfair and deceptive acts

and/or practices in the conduct of a trade, or business, for one or more of the following reasons:

a)    Defendant's acts and/or practices were deceptive, in that they had a tendency and capacity to deceive persons such as the Plaintiff;

b)    Defendant's acts and/or practices violated public policy as it has been established by statute, common law, or otherwise;

c)    Defendant's acts and/or practices were immoral, unethical, oppressive or unscrupulous; and

d)    Defendant's acts and/or practices have caused substantial injury to persons such as the Plaintiff.

110. The **SPA DEFENDANTS**, or any of them, as a consequence of their deceptive acts and/or practices, or the deceptive acts and/or practices of their/its agents, servants, representatives, and/or employees, have caused the Plaintiff to suffer severe damage and emotional distress, including, but not limited to, ascertainable loss of money, property, and/or emotional harm.

111. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **EIGHTH CLAIM FOR RELIEF**.

112. A copy of this complaint was delivered to the Connecticut Attorney General.

### NINTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

113. Plaintiff repeats and realleges paragraphs one (1) through fifty-two (52), as if set forth fully herein

-23-

114. The Defendant, **MICHAEL KRZYZAK'S** conduct of sexually assaulting the Plaintiff, during a purchased massage at a spa, amounts to behavior which is extreme and outrageous, exceeding all boundaries of usual toleration in decent society.

115. The actions of said Defendant were the direct and proximate cause of severe emotional distress to the Plaintiff, manifesting itself by symptoms including, but not limited to, anxiety, sleeplessness, nausea, headaches, crying, loss of appetite, shortness of breath, hot-flashes and sweating, and other psychological feelings of helplessness, mental anguish, humiliation, shame, and betrayal, accompanied by episodes of fright, lethargy, trembling, and continued depression.

116. The acts of the Defendant, causing said severe emotional distress, were committed intentionally, willfully, wantonly, and/or in reckless disregard for the emotional well being of the Plaintiff, and to the reasonably foreseeable emotional and psychological injuries that would be suffered by the Plaintiff.

117. At all material times the Defendants and/or any of them, knew, or should have known, that emotional distress would likely ensue as a result of their conduct.

118. At all times material hereto, **SPA DEFENDANTS**, or any of them, were responsible for, or otherwise vicariously liable for the acts, errors and/or omissions of its agents, servants, representatives, franchisees, and/or employees.

119. Paragraphs fifty-six (56) to sixty-two (62) are repeated and realleged as if the same were set forth fully herein, and incorporated in this **NINTH CLAIM FOR RELIEF.**

### <u>JURY TRIAL DEMANDED</u>

120.    Plaintiff demands a trial by jury.

-24-

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs seek the following relief:

1. Compensatory damages;
2. Punitive damages;
3. Attorney's fees;
4. Punitive damages pursuant to **C.G.S. §42-110g(a)**;
5. Attorney's fees pursuant to **C.G.S. §42-110g(g)**;


6. The Costs of this action;
7. Such further and other relief which this honorable Court deems just and appropriate.



Dated at Stamford, Connecticut, this15th day of January, 2008.


THE PLAINTIFF,

BY: _____

Stephan Erich Seeger (Fed Bar. No:. SS8460 )
**THOMAS J. HICKEY AND ASSOCIATES, LLC**
27 Fifth Street
Stamford, CT 06905
Tel: (203) 324-2296
Fax: (203) 348-7313

-25-

## CERTIFICATION OF SERVICE

This is to certify that on this ___ day of October, 2007, a copy of the foregoing

COMPLAINT was served via first class U.S. Mail, postage prepaid to:

_____
_____
_____
_____

Dated at Stamford, Connecticut, this _16th day of January, 2008.

THE PLAINTIFF,

By: _____
        Stephan Seeger
        SHERMAN, RICHICHI & HICKEY, LLC
        27 Fifth Street
        Stamford, CT 06905
        Tel: (203) 324-2296
        Fax: (203) 348-7313

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSEY KALAYJIAN,<br>    Plaintiff,<br><br><br>v.<br><br>PREMIER SALONS INTERNATIONAL, INC.,<br>JOHN DOE D/B/A STONEWATER SPA AND<br>BOUTIQUE, PREMIER SALONS CANADA,<br>INC., PREMIER SALONS LTD., PREMIER<br>INC., and MICHAEL KRZYZAK,<br>    Defendants. | :<br>:<br>:   CIVIL ACTION NO.<br>:   3:08 CV 0421 (ROBINSON)<br>:   7:08 CV 0428<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## <u>DECLARATION OF BRIAN LUBORSKY</u>

I, Brian Luborsky, of full age, do hereby declare, in accordance with 28 U.S.C. § 1746, as follows:

1.    I make this affidavit based upon personal knowledge and I am competent to testify on the matters stated herein.

2.    I offer the statements in this affidavit in support of the Motion to Dismiss filed by the Defendants, Premier Salons International, Inc., John Doe d/b/a Stonewater Spa and Boutique, Premier Salons Canada, Inc., Premier Salons Ltd., and Premier, Inc. ("Defendants").

3.    I am President of Premier Salons Inc. and Premier Salons Ltd.

4.    Defendant Premier Salons International, Inc. has not conducted business since it declared Chapter 11 bankruptcy in 1999.

5.    Premier Salons Canada, Inc. ceased to transact business prior to 2005.

6.    To the best of my knowledge, no entity known as "Premier, Inc." is or has ever been located at 3780 Fourteenth Avenue, Suite 106, Markham, Ontario, Canada or 3762 Fourteenth Avenue, Suite 200, Markham, Ontario, Canada.

7.    No entity known as "Premier, Inc." has ever been connected with any of the other Defendants or with Stonewater Spa and Boutique of Greenwich, Connecticut.

8.    Defendant Premier Salons Ltd. is a Canada-based operating company that has no activities in the United States.

9.    Spa Capital LLC ("SC"), a wholly-owned subsidiary of Premier Salons Inc., is the legal entity that owns and operates Stonewater Spa and Boutique in Greenwich, Connecticut.

10.    Neither SC nor any of the Defendants are incorporated in New York, and they have no buildings, business locations, offices, properties or leasehold interests in New York, and they do not transact any business in New York.

11.    Neither SC nor any of the Defendants are registered to transact business in New York, they have not designated agents for service of process in New York; and do not solicit or seek business in New York.

12.    Neither SC nor any of the Defendants have any employees who work in New York, and they do not directly advertise in New York in any forum.

13.    Neither SC nor any of the Defendants produce any goods or maintain any bank accounts or telephone listings in New York.

14.    Neither SC nor any of the Defendants have initiated any lawsuits in New York.

15.    None of Defendants transact any business in New York and none of the defendants supply goods or services in New York.

2

I declare under the penalty or perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 11, 2008

Brian Luborsky