UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— :
                                              :
ROSEY KALAYJIAN,                              :
        Plaintiff,                            :        CIVIL ACTION NO.
                                              :        7:08-CV-0428 (SCR)
                                              :
                                              :
v.                                            :
                                              :
PREMIER SALONS INTERNATIONAL, INC.,           :
JOHN OE D/B/A STONEWATER SPA AND              :        ORAL ARGUMENT
BOUTIQUE, PERMIER SALONS CANADA,              :        REQUESTED
INC., PREMIER SALONS LTD., PREMIER            :
INC., and MICHAEL KRZYZAK,                    :
        Defendants.                           :        MAY 6, 2008
———————————————————— :

**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Rosy Kalayjian ("Plaintiff"), hereby respectfully submits this Memorandum of

Law in opposition to Defendants' Motion to Dismiss Plaintiff's Complaint.  For the

reasons set forth herein, Defendants' Motion should be denied

————————————————————
                        Stephan Seeger, Esq. (SS 8460)
                        Law Offices of Thomas Hickey, LLC
                        27 Fifth Street
                        Stamford, CT 06905
                        Tel:  (203) 324-2296
                        Fax: (203) 348-7313
                        Counsel for Plaintiff

**TABLE OF CONTENTS**

<u>PAGE</u>

TABLE OF AUTHORITIES…………………………………………………………………I

I. PRELIMINARY STATEMENT……………………………………………………1

II. STATEMENT OF FACTS..…………………………………………………………1

III.     ARGUMENT…………………………………………………………………………...2

A.     THIS COURT HAS PERSONAL JURISDICTION OVER
DEFENDANTS…………………………………………………………………...2

1.     The Law Governing Pre-Answer, Pre-Discovery Personal
Jurisdiction Motions………………………………………………………3

2.     Personal Jurisdiction…………………………………………………………4

3.     Plaintiff has Made a Prima Facie Showing that Defendants are
"Present" in  New York for the Purpose of Personal Jurisdiction
Under CPLR § 301……………………………………………………...4

4.     Limited Jurisdictional Discovery is Warranted…………………..8

B.     VENUE IS PROPER IN THE SOUTHERN DISTRICT OF
NEW YORK……………………………………………………………………8

C.     REASONABLE INFERENCES FAVOR PLAINTIFF…………………….9

D.     PLAINTIFF HAS 120 DAYS TO PROPERLY SERVE
DEFENDANTS……...10

E.     PLAINTIFF HAS SUFFICIENTLY PLED HER C.U.T.P.A
CLAIM…………...10

IV.     CONCLUSION……………………………………………………………...…12

## <u>TABLE OF AUTHORITIES</u>

Federal Cases

PAGE

<u>Ayyash v. Bak Al-Madina</u>, 2006 WL 587342, *5 (S.D.N.Y. Mar. 9, 2006)……………..8

<u>A.I. Trade Finance, Inc. v. Petra Bank</u>, 989 F.2d 76, 79-80 (2d Cir. 1993)………………3

<u>Ball v. Metallurgie Hoboken-Overpelt, S.A.</u>, 902 F.2d 194, 197 (2d Cir.) cert. denied, 498 U.S. 854 (1990)……………………………………………………………………2, 3, 5

<u>Bensusan Rest. Corp. v. King</u>, 937 F.Supp. 295, 298 (S.D.N.Y. 1996)…………………..3

<u>Creative Socio-Medics, Corp. v. The City of Richmond</u>, 219 F. Supp. 2d 300, 309 (E.D.N.Y. 2002)…………………………………………………………………………..9

<u>Daval Steeel Prods. v. M.V. Juraj Dalmatinac</u>, 718 F.Supp. 159, 162 (S.D.N.Y. 1989)…8

<u>Easton v. Sundram</u>, 947 F.2d 1011, 1014-15 (2d Cir. 1991), <u>cert</u>. <u>denied</u>, 504 U.S. 911, 112 S.Ct. 1943 (1992)…………………………………………………………………..9

<u>Filius v. Lot Polish Airlines</u>, 907 F.2d 1328, 1332 (2d Cir. 1990)………………………..8

<u>Hoffritz for Cutlery, Inc. v. Amajac, Ltd.</u>, 763 F. 2d 55, 57 (2d Cir. 1985)……………3, 6

<u>Landoll Resources Corp. v. Alexander & Alexander Servs., Inc.</u>, 918 F.2d 1039, 1043 (2d Cir. 1991)……………………………………………………………………………….3

<u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026 (2d Cir. 1993)………………………….9

<u>Marine Midland Bank, N.A. v. Miller</u>, 664 F.2d 899, 904 (2d Cir. 1981)………………..3

<u>Metropolitan Life Ins. Co. v. Robertson Ceco-Corp.</u>, 84 F.3d 560 (2d Cir. 1996)……….4

<u>Nasso v. Seagal</u>, 263 F.Supp.2d 596, 611 (E.D.N.Y. 2003)………………………………5

<u>Northrop Grumman Overseas Serv. Corp. v. Banco Weise Sudameris</u>, 2004 WL 2199547 (S.D.N.Y. 2004)…………………………………………………………………………...4

<u>Rothschild v. Paramount Distillers, Inc.</u>, 923 F.Supp. 433, 435 (S.D.N.Y. 1996)………..3

Strategem Dev. Corp. v. Heron Int'l N.V., 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994)……8

Vassallo v. Niedermeyer, 495 F.Supp. 757, 758 (D.C.N.Y. 1980)……………………8, 9

Weinrich v. Sandhaus, 1989 WL 130641, *6 (S.D.N.Y. 1989)…………………………10

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000)………………7, 9

## State Cases

DiTeresi v. Stamford Health Systems, Inc., 2007 WL 901811 at *8 (Conn.Super. 2007)
…………………………………………………………………………………………11

Gaskin v. Levinson, 1992 WL 66682 (Conn.Super. 1992)……………………………...11

Hinchliffe v. American Motors Corp., 184 Conn. 607, 612-13 (1981)…………………12

Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824 (1999)…………………………………………………………………………………11

Laufer v. Ostrow, 55 N.Y.2d 305 (1985)………………………………………………6

**Ventres v. Goodspeed Airport, LLC**, 275 Conn. 105, 155, 881 A.2d 937, 969 (2005)….11

## Miscellaneous

28 U.S.C. 1404(a)………………………………………………………………………9

C.G.S. § 42-110b(a)…………………………………………………………………...10

CPLR § 301……………………………………………………………………4, 5, 6, 7

CPLR § 302(a)(2)………………………………………………………………………3

CPLR § 302(a)(3)i……………………………………………………………………...3

CPLR § 302(a)(3)ii…………………………………………………………………….3

Fed. R. Civ. P. 4(c)(1)…………………………………………………………………10

Fed. R. Civ. P. 4(m)…………………………………………………………………...10

I.    **PRELIMINARY STATEMENT**

The Court should not grant Defendants' Motion to Dismiss the Complaint because, contrary to Defendants' assertions: (1) there is personal jurisdiction over all the Defendants, more specifically there is general jurisdiction over them, (2) this Venue is proper as to these Defendants, and; (3) the Plaintiff has 120 days to properly served the Summons and Complaint on the Defendants, which time had not expired upon Defendants' filing of the Motion to Dismiss.

II.    **STATEMENT OF FACTS**

The Plaintiff, Rosy Kalayjian ("Plaintiff") was sexually assaulted by Michael Krzyzak ("Krzyzak"), a massage therapist and employee of Stonewater Spa & Boutique Greenwich ("Stonewater").  At all material times Stonewater was owned, operated, franchised, directed, managed and/or otherwise supervised by Defendants, Premier Salons International Inc., John Doe d/b/a Stonewater Spa and Boutique, Premier Salons Canada Inc., Premier Salons Ltd., Premier Inc., and/or any of them, individually and/or in conjunction with one or more of the others (hereinafter referred to as "Spa Defendants").

According to its website, Spa Defendants, operate a Franchise, doing business all around North America, including New York. The Franchise "encompasses over 40 of the most elegant Spas located throughout North America." (http://www.premierspacollection .com/locations.asp). Spa Defendants operate the Stonewater Spa & Boutique Greenwich, located at 151 Greenwich Avenue in Greenwich, Connecticut ("Stonewater").  See Complaint at ¶ 10.  The location of Stonewater can also be found on Spa Defendants'

5

website, and is the location where the alleged misconduct occurred. (http://www.premierspacollection.com/ locations.asp).

Also on Spa Defendants' website, is listed the Premier Atelier, another branch of the Franchise, operated by Spa Defendants that provides spa services and is located in White Plains, New York.  The website admits the association between Spa Defendants and all their North American branches by stating, on the very same page that lists both the Connecticut branch and the New York branch, "[w]hile each member Spa maintains its own unique charm and style, they all share the same commitment to providing the most luxurious and beneficial wellness and beauty services available." (http://www.premierspacollection.com/locations.asp).

Finally, and also listed on Spa Defendants' website, is the Canadian Headquarters located at 3762 14th Avenue, Suite 200, Markham Ontario, Canada, L3R 0G7. (http://www.premier spacollection.com/Contact_Us.asp).

## III.    ARGUMENT

Defendants' motion to dismiss should be denied for the following reasons.

## A.    THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS

One of Defendants' arguments, made in support of their Rule 12(b)(2) motion, is that the Court lacks personal jurisdiction over the Defendants. The argument is without merit because Defendants fail to recognize the applicable law governing a pre-Answer,

pre-discovery motion to dismiss for lack of personal jurisdiction.

1. ***Law Governing Pre-Answer, Pre-Discovery Personal Jurisdiction Motions.***

It is well-established law that on a pre-Answer motion when there is no discovery, a motion to dismiss for lack of personal jurisdiction may be defeated by merely a prima facie showing of jurisdiction. A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993); Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985); Bensusan Rest. Corp. v. King, 937 F.Supp. 295, 298 (S.D.N.Y. 1996); Rothschild v. Paramount Distillers, Inc., 923 F.Supp. 433, 435 (S.D.N.Y. 1996). The plaintiff's burden is satisfied even when the moving party makes contrary allegations that place in dispute the basis of plaintiff's prima facie showing. A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d at 79-80; Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); Bensusan Rest. Corp. v. King, 937 F.Supp. at 298.   "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction" Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir.) cert. denied, 498 U.S. 854 (1990). Also, the plaintiff is entitled to have the Complaint and any affidavits interpreted, and any doubts resolved, in the light most favorable to plaintiff. Landoll Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1991); Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d at 57; Bensusan Rest. Corp. v. King, 937 F.Supp. at 298. As discussed below, Plaintiffs make more than a prima facie showing to establish that this Court has personal jurisdiction over Defendants.

Defendant filed the instant motion in lieu of serving an Answer to the

7

Complaint. No discovery has been conducted in this case.

### 2. *Personal Jurisdiction*.

Personal jurisdiction in a federal question case or a diversity case is determined first by the law of the state in which the district court is sitting and if jurisdiction is found under state law, the court must then determine if the exercise of jurisdiction comports with the requirements of due process. Metropolitan Life Ins. Co. v. Robertson Ceco-Corp., 84 F.3d 560 (2d Cir. 1996); Northrop Grumman Overseas Serv. Corp. v. Banco Weise Sudameris, 2004 WL 2199547 (S.D.N.Y 2004).

A foreign domiciliary is subject to personal jurisdiction in New York if they commit a tortious act in New York. See CPLR § 302 (a)(2)). A foreign domiciliary is subject to personal jurisdiction in New York if they commit a tortious act outside New York that causes injury in New York and they should have reasonably expected their tortious act to have consequences in New York and they derive substantial revenue from interstate or international commerce. (See CPLR § 302 (a)(3)(ii)). A foreign corporation is "present" in New York and therefore subject to personal jurisdiction in New York if it engages in a continuous and systematic course of doing business in New York. CPLR § 301; Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). A foreign domiciliary is subject to personal jurisdiction in New York if they commit a tortious act outside New York that causes injury in New York and such foreign domiciliary regularly does or solicits business in New York or engages in any other persistent course of conduct in New York. See CPLR § 302 (a)(3)(i)).

8

3.    *Plaintiff has Made a Prima Facie Showing that Defendants are "Present" in New York for the Purpose of Personal Jurisdiction Under CPLR § 301.*

A foreign corporation can be sued in New York if such corporation is engaged in a continuous and systematic course of doing business in New York, such that a finding that it is present in New York is justified. CPLR § 301; Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir.). Pursuant to N.Y. C.P.L.R. § 301, "a non-domiciliary is deemed to be 'present' in the state" -- and is subject to the general personal jurisdiction of a court in that state -- "if the non-domiciliary is 'doing business' in the state when the action is commenced.". Nasso v. Seagal, 263 F.Supp.2d 596, 611 (E.D.N.Y. 2003). A corporation may be found to be "doing business" in the state if it was "engaging in business 'not occasionally or casually, but with a fair measure of permanence and continuity.' " Id. (citation omitted). "Once it is established that the corporation was doing business at such time, personal jurisdiction will be acquired over the corporation for any cause of action asserted against it, no matter where the events occurred which give rise to that cause of action." Lancaster v. Colonial Motor Freight Line, Inc., 177 A.D.2d 152, 156, 581 N.Y.S.2d 283 (1st Dep't 1992).

There is no question that Spa Defendants, either individually and/or in conjunction with any one or more of said Spa Defendants, are "doing business" in New York. According to its website, Spa Defendants, operate a Franchise, doing business all around North America, including New York. The Franchise "encompasses over 40 of the most elegant Spas located throughout North America." (http://www.premierspacollection.com/locations.asp). Spa Defendants operate the Stonewater Spa & Boutique Greenwich, located at 151 Greenwich Avenue in Greenwich, Connecticut ("Stonewater").  The

location of Stonewater can also be found on Spa Defendants' website, and is the location where the misconduct occurred. (http://www.premierspacollection.com/locations.asp). Also on Spa Defendants' website, is listed the Premier Atelier, another branch of the Franchise, operated by Spa Defendants and located in White Plains, New York. (Id.). Finally, and also listed on Spa Defendants' website, is the Canadian Headquarters located at 3762 14th Avenue, Suite 200 Markham Ontario, Canada, N L3R 0G7. (http://www.premier spacollection.com/Contact_Us.asp). Spa Defendants solicit clients in the United States and offers its products and services to clients in New York. As previously stated Spa Defendants' companies, which it owns or controls or otherwise affiliates with, include Premier Atelier, a spa located in the Westchester Mall, in White Plains, New York 10601. Upon information and belief, Spa Defendants operate Premier Atelier, a company that is based in and does business in New York. To summarize, Spa Defendants, either individually and/or in conjunction with any one or more of said Spa Defendants, are "doing business" in New York.

New York courts are required to consider the aggregate of a corporation's activity within New York, as well as the quality and nature of such activity, to determine if the exercise of jurisdiction over the foreign corporation is justified. Laufer v. Ostrow, 55 N.Y.2d 305 (1985). New York courts have focused on certain key indicia to determine if a foreign corporation is present in New York for the purpose of personal jurisdiction and these key indicia have included whether a foreign corporation does public relations work within New York or whether a foreign corporation employs individuals within New York to promote its interest. Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F. 2d 55 (2d

Cir. 1985).

Defendant alleges in claiming that they are not subject to personal jurisdiction under CPLR § 301 that "[n]one of Defendants have contacts with New York sufficient to justify the exercise of general jurisdiction, and there is no evidence that Defendants possess any of the indicia identified by the <u>Wiwa</u> Court." <u>See</u> Defendant's Memorandum of law at 7. As detailed above, Plaintiff has made a *prima facie* showing that Spa Defendants were engaged in business activity in New York sufficient to meet the requirements for a finding of personal jurisdiction under CPLR § 301 in the pre-discovery posture of this litigation.

Spa Defendants, either individually and/or in conjunction with any one or more of said Spa Defendants, are related through an Ontario and/or Canadian Corporation that operates and conducts business through Premier Atelier, or any other defendant or affiliate Spa Defendant, and includes a New York based-spa location, servicing clients in New York, that promotes the Spa Defendants' Corporation(s). It is fair to assume that the New York based branch of Spa Defendants provides services to New York clients, promoting Spa Defendants' business and conducting business in New York through providing such services to those New York clients. Further it is fair to assume that because Spa Defendants' website advertises their services and lists locations, including the Premier Atelier location in New York, that Spa Defendants are promoting themselves via public relations directed towards New York clientele. If Spa Defendants have allowed one of their branches to employ New York residents, and provide services at a location in

New York, with a New York phone number, it is not unfair to Spa Defendants nor should it come as a surprise to Spa Defendants, that they could potentially face legal action in New York.

Without the benefit of discovery, and against the backdrop of a failure to file and otherwise make their identity known to the public according to the law, it is difficult for Plaintiff to learn the full extent of Spa Defendants business contacts in New York related to its company location of Premier Atelier, or any other Spa Defendant. Essentially, the manner in which the corporate entities are structured, is not clearly delineated by filings, or by advertising, leaving any consumer who wishes to sue said entities, or any of them, in the position to guess and/or conjecture. Notwithstanding this fact, it is appropriate that this Court consider such activities described in Plaintiff's Complaint in determining the totality of defendant's contacts with New York. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000).

**4.    *Limited Jurisdictional Discovery Is Warranted***

It is respectfully submitted that Plaintiff has met her burden of making a *prima facie* showing of personal jurisdiction over Spa Defendants. At the very least, Plaintiff has made a showing sufficient to warrant limited jurisdictional discovery to explore the Moving Defendants' activities in New York and the bases for imputing among them their activities in New York. See Filius v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2d Cir. 1990)(courts may generally permit plaintiff to conduct limited jurisdictional discovery); Ayyash v. Bak Al-Madina, 2006 WL 587342, *5 (S.D.N.Y. Mar. 9, 2006) (limited

jurisdictional discovery typically granted where plaintiff has made "a threshold showing

that there is some basis for the assertion of jurisdiction [,] facts that would support a

colorable claim of jurisdiction")(quoting <u>Daval Steeel Prods. v. M.V. Juraj Dalmatinac</u>,

718 F.Supp. 159, 162 (S.D.N.Y. 1989); <u>Strategem Dev. Corp. v. Heron Int'l N.V.</u>, 153

F.R.D. 535, 547-48 (S.D.N.Y. 1994)(limited jurisdictional discovery permitted where

plaintiff had "made a sufficient start" toward establishing jurisdiction but had not made a

prima facie showing).


**B.**     **VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK**

Spa Defendants also argue that the case should be dismissed for improper venue.

This argument is without merit.

> "The contention that venue does not lie in this district may be disposed of easily.
> A civil action founded on diversity jurisdiction may be brought in the judicial
> district where all plaintiffs or, as in this case, the sole plaintiff reside. 28 U.S.C. s
> 1391(a). Defendants do not dispute plaintiff's representation that [s]he is a
> resident of Westchester County, New York. Inasmuch as plaintiff's county of
> residence is within the Southern District of New York, venue properly lies in this
> district."

<u>Vassallo v. Niedermeyer</u>, 495 F.Supp. 757, 758 (D.C.N.Y. 1980) (S.D.N.Y. was proper

venue in diversity action brought by New York resident to recover for personal injuries

sustained in Georgia motor vehicle accident involving vehicle owned by Alabama

resident and driven by South Carolina resident).

Venue is proper in the Southern District, however, assuming *arguendo* that this

Court finds that venue is not proper in this district, it may, in its discretion pursuant to 28

U.S.C. 1404(a), transfer the action to any district where it could have been brought if

doing so is in the interests of justice and would be convenient to the parties and

witnesses. <u>Vassalo v. Niedermeyer</u>, 495 F. Supp. 757,758 (S.D.N.Y. 1980); <u>Creative Socio-Medics, Corp. v. The City of Richmond</u>, 219 F. Supp. 2d 300, 309 (E.D.N.Y. 2002); <u>see</u> <u>also</u> <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026 (2d Cir. 1993) (where the court transferred the case in the interests of justice because the appellant would be time-barred from commencing a new action). Because the Plaintiff's initial forum selection is presumably proper, the Plaintiff's choice will not be disturbed if transfer would result in the mere shifting of burdens. <u>Wiwa v. Royal Dutch Petroleum Company</u>, 226 F.3d 88, 101 (2d Cir. 2000).

## C.    REASONABLE INFERENCES FAVOR PLAINTIFF

In considering a motion to dismiss, the Court is required to accept as true all well pleaded facts in the Complaint and draw all reasonable inferences in favor of the Plaintiff. <u>Easton v. Sundram</u>, 947 F.2d 1011, 1014-15 (2d Cir. 1991), <u>cert</u>. <u>denied</u>, 504 U.S. 911, 112 S.Ct. 1943 (1992). Contrary to Spa Defendants' contention that Premier Salons International, Inc., Premier Salons Canada, Inc. and Premier Inc., did not conduct business at any time relevant to the events alleged in the Complaint, Plaintiff maintains that they did conduct such business and at the very least Plaintiff has made a showing sufficient to warrant discovery to explore the Moving Defendants' activities in New York and the bases for imputing among them their activities in New York.

Spa Defendants cite <u>Weinrich v. Sandhaus</u>, 1989 WL 130641, *6 (S.D.N.Y. 1989) to support their proposition that dismissal is warranted where no such entity ever existed against whom Plaintiff brought Complaint. However, this case can be distinguished from <u>Weinrich</u>, in that here, Plaintiff contradicts and opposes the Spa

14

Defendants' assertion that no such entities existed, whereas in <u>Weinrich</u> the Plaintiff did not oppose Defendants' assertion nor did Plaintiff oppose such relief.

**D.    PLAINTIFF HAS 120 DAYS TO PROPERLY SERVE DEFENDANTS**

Spa Defendants assert that Plaintiff has failed to properly serve the Summons and Complaint on Premier Salons International, Inc. and John Doe d/b/a Stonewater Spa and Boutique. According to Federal Rule of Civil Procedure 4(c)(1), the Plaintiff must serve the summons with a copy of the complaint within the time allowed by Fed. R. Civ. P. 4(m), which allows 120 days from the filing of the Complaint, to serve defendants. Spa Defendants filed this Motion to Dismiss well before the expiration of the 120 days from the time the Complaint was filed, to serve defendants. Thus this argument is of no consequence, until the 120 days expires.

**E.    PLAINTIFF SUFFICIENTLY PLED THE CUTPA CLAIM**

**C**.U.T.P.A provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts of practices in the conduct of any trade or commerce." C.G.S. § 42-110b(a). In determining whether certain acts violate CUTPA the following criteria:

> Defendant does not contest existence of a business relationship between plaintiff and Spa Defendants. Rather Defendant argues that Plaintiff has failed to allege an ascertainable loss of money or property. In its argument, Defendant relies upon cases which appear to hold that emotional injuries and distress are not considered "ascertainable losses" in the context of pleading CUTPA violations.

However, case law also supports the proposition that a motion to strike a CUTPA

claim will not be granted where the allegations include incidents of sexual assault.  See DiTeresi v. Stamford Health Systems, Inc., 2007 WL 901811 at *8 (Conn.Super. 2007)(Holding that  allegations of a Hospital's intentional misconduct following a sexual assault perpetrated on plaintiff was sufficient to withstand a motion to strike a CUTPA claim); see also Gaskin v. Levinson, 1992 WL 66682 (Conn.Super. 1992)(Court held allegation of single prohibited professional or business act i.e. defendant physician's alleged sexual assault of plaintiff while in the process of providing medical treatment, sufficiently stated a cause of action under CUTPA.).

Furthermore, Plaintiff did suffer an ascertainable loss of money in her attempt to remedy Spa Defendants' violative business practices.  It is critical that the court appreciate the case law that fine-tunes this requirement—that a plaintiff need not prove a *specific* amount of actual damages to establish a prima facie CUTPA case.  See, e.g., Hinchliffe v. American Motors Corp., 184 Conn. 607, 612-13 (1981).

Accordingly, as explained above, Plaintiff has in fact properly pled a consumer-business relationship between the parties, as well as an ascertainable loss of money-though unspecified.

F.    **CHOICE OF LAW AND JURISDICTION**

Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations. See Guaranty Trust Co. v. York, 326 U.S. 99, 108-09, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477

16

(1941).  New York courts generally apply New York's statutes of limitations, even when the injury, giving rise to the action, occurred outside New York. See Stafford v. International Harvester Co., 668 F.2d 142, 147 (2d Cir.1981). This general rule, however, is subject to a traditional statutory exception, New York's "borrowing" statute, C.P.L.R. § 202.

Under C.P.L.R. § 202, when a resident Plaintiff sues upon a cause of action that arose outside of New York, the court applies the New York statute of limitations, and not the shorter of either (1) New York; or (2) the state where the cause of action accrued, which would be applicable to a *non-resident* plaintiff suing in New York for an action that arose elsewhere. See N.Y.C.P.L.R. § 202 (excepting New York residents from shorter Statute of Limitations of another state in which action may have accrued - in favor of New York resident having New York law apply).

The borrowing statute expresses a legislative preference to preclude plaintiffs who could not bring their claims in the courts of their home state from instituting them in New York. See Sack v. Low, 478 F.2d 360, 367 (2d Cir.1973) (stating "[T]he policy behind the borrowing statute is to protect New York resident-defendants from suits in New York that would be barred by shorter statutes of limitations in other states where non-resident-plaintiffs could have brought suit."); see also Klock v. Lehman Bros. Kuhn Loeb Inc., 584 F.Supp. 210, 215 (S.D.N.Y.1984) (borrowing statute applies if plaintiff is non-New York resident and cause of action accrued outside New York).

Spa Defendants' forum shopping and jurisdictional attacks are therefore

17

misplaced. "The primary purpose of CPLR § 202 and its predecessors is to prevent

forum shopping by a *nonresiden*t seeking to take advantage of a more favorable Statute

of Limitations in New York (<u>Antone v. General Motors Corp., Buick Motors Div.</u>, 64

N.Y.2d 20, 27-28, 473 N.E.2d 742, 745, 484 N.Y.S.2d 514, 517 (1984)) and also to give

resident defendants the benefit of the shortest period of limitations (<u>Fullmer v. Sloan's</u>

<u>Sporting Goods Co.</u>, 277 F.Supp. 995, D.C.N.Y.).   In this case, the *Plaintiff is a New*

*York resident* and Spa Defendants are non-residents; thus, the argument against

application of New York law to this matter, including the statute of limitations, misses

the express language of the CPLR, which specifically excepts the New York Plaintiff

from the borrowing statute where there is an action which accrues in favor of the New

York Plaintiff, by virtue of an injury accruing outside of the State.

The policy behind New York's "borrowing statute", which is to prevent *non-*

*resident* plaintiffs from taking advantage of a more favorable statute of limitations, is not

violated by the choice of forum in this case.   Essentially, the out of state accrual of a

cause of action implicates the borrowing statute; since the Plaintiff is a New York

resident, the exception outlined in CPLR § 202 applies, and the Plaintiff's claim is

properly brought before this Court.

**IV.   <u>CONCLUSION</u>**

Plaintiff respectfully requests that this Court deny the Spa Defendants' Motion to

Dismiss, and at the very least order that Plaintiff be permitted to engage in discovery

related to such basis of personal jurisdiction.   Clearly the Defendants conducted business

in New York, and have sufficient connections to the State of New York.  It should not

come as a surprise that they are being sued in the State of New York.  The forum

shopping and jurisdictional objections are misplaced; CPLR prescribes a basis for the

Plaintiff, who is a New York resident, to sue for an out of State injury, without regard to

the borrowing statute's requirement that any shorter Statute of Limitations applies.  The

Plaintiff's claims are properly seated before this Court, and jurisdiction over said claims

is clearly vested with the Court in this case.

PLAINTIFF

BY:  _____

Stephan Seeger (Fed. Bar No.: SS8460)
The Law Offices of Thomas Hickey, LLC
27 Fifth Street
Stamford, CT 0695
Tel:  (203) 324-2296
Fax: (203) 348-7313

*Counsel for Plaintiff*
