UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ROSEY KALAYJIAN,<br>    Plaintiff, | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.<br>7:08-CV-0428 (SCR) |
| v. | : <br> : | |
| PREMIER SALONS INTERNATIONAL, INC.,<br>JOHN DOE D/B/A STONEWATER SPA AND<br>BOUTIQUE, PREMIER SALONS CANADA,<br>INC., PREMIER SALONS LTD., PREMIER<br>INC., and MICHAEL KRZYZAK,<br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : | ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

JORDEN BURT LLP
James M. Sconzo, Esq. (JS 8390) and
Jonathan C. Sterling
175 Powder Forest Drive, Suite 201
Simsbury, CT 06089
Telephone:  860-392-5000
Facsimile:  860-392-5058
Email:      jms@jordenusa.com
            js@jordenusa.com

*Counsel for Defendants*

July 21, 2008

**TABLE OF CONTENTS**

<u>**PAGE**</u>

TABLE OF AUTHORITIES ................................................................................................. 1

I.      The Court Lacks Personal Jurisdiction Over The Defendants .............................. 3

II.     Venue In The Southern District Of New York Is Not Proper ............................... 7

III.    Plaintiff's Assault, Invasion Of Privacy, And Intentional Infliction Of Emotional
        Distress Claims Are Barred By The Applicable Statutes Of Limitations ............................ 7

IV.     Plaintiff's CUTPA Claim Fails As A Matter Of Law ............................................ 8

V.      Conclusion ............................................................................................................. 9

# TABLE OF AUTHORITIES

## Federal Cases

**PAGE**

Androphy v. Smith & Nephew, Inc., et al, 31 F.Supp.2d 620 (N.D.Ill. 1998) ...............................5

Applewhite v. Metro Aviation, Inc., 875 F.2d 491 (5th Cir. 1989) .................................................5

Arch v. American Tobacco Co., Inc., 984 F.Supp. 830 (E.D.Penn. 1997) .......................................5

AT&T Co., v. Compagnie Bruxelles Lambert, 94 F.3d 586 (9th Cir. 1996) ...................................4

Bellomo v. Pennsylvania Life Co., 488 F.Supp. 744 (S.D.N.Y. 1980) ...........................................4

Best Van Lines v. Walker, 490 F.3d 239 (2d Cir. 2007) .................................................................6

Cicalo v. Harrah's Operating Company, Inc., 2008 WL 1847665 (S.D.N.Y. 2008) .......................6

Epps v. Stewart Info. Svcs. Corp., 327 F.3d 642 (8th Cir. 2003) ...................................................4

In re Ski Train Fire in Kaprun, Austria on November 11, 2000, 2003 WL 22909153
(S.D.N.Y. 2003) ...........................................................................................................................7

Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181 (2d Cir. 1998) ................................................. 4-6

Laborers Local 17 Health and Benefit Fd. v. Philip Morris, Inc., 26 F.Supp.2d 593
(S.D.N.Y. 1998) ...........................................................................................................................6

Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87 (2d Cir. 1975) ...........................................6

Light v. Taylor, 2007 WL 274798 (S.D.N.Y. 2007) .......................................................................6

Lou-By Associates v. Intergroup Corp., 1993 WL 36150 (S.D.N.Y. 1993) ...................................7

Material Supply Int'l, Inc. v. Sunmatch Indus. Co., 62 F.Supp.2d 13 (D.D.C. 1999) ....................5

Matosantos Commercial Co. v. Applebees Intern., Inc., 2 F.Supp.2d 191
(D.Puerto Rico 1998) ....................................................................................................................5

Mylon v. Hackensack University Medical Center, 2007 WL 778137 (N.D.N.Y. 2007) ...............8

Sandoval v. Abaco Club on Winding Bay, 507 F.Supp.2d 312 (S.D.N.Y. 2007) ..........................6

Vassallo v. Niedermeyer, 495 F.Supp. 757 (D.C.N.Y. 1980) ..........................................7

## State Cases

DiTeresi v. Stamford Health Systems, Inc., 2007 WL 901811 (Conn.Super. 2007)......................9

Gaskin v. Levinson, 1992 WL 66682 (Conn.Super. 1992) .............................................9

Hersey v. Lonrho, Inc., 73 Conn.App. 78, 807 A.2d 1009 (2002) ...................................4

MacMillan v. Higgins, 76 Conn.App. 261, 822 A.2d 246 (Conn.App. 2003) ...............................9

Neuman v. Dunham, 49 A.D.2d 733 (N.Y.A.D. 1 Dept. 1975) ..........................................8

## Miscellaneous

28 U.S.C. § 1391 ....................................................................................7

N.Y. C.P.L.R. § 202 (McKinney 2006) .................................................................8

Defendants, Premier Salons International, Inc., John Doe d/b/a Stonewater Spa and

Boutique, Premier Salons Canada, Inc., Premier Salons Ltd., and Premier, Inc. ("Defendants"),

have moved the Court for an order dismissing Plaintiff's January 16, 2008 Complaint pursuant to

Fed. R. Civ. P. 12(b) (2), (3), (5) and (6).  Defendants hereby submit this memorandum of law in

reply to certain arguments and factual contentions contained in Plaintiff's Memorandum of Law

in Opposition of Defendants' Motion to Dismiss Plaintiff's Complaint ("Plaintiff's Memo") and

in further support of their Motion to Dismiss.  As more fully set forth herein, and in Defendants'

Memorandum of Law in Support of Motion to Dismiss (Defendants' "MTD Memo"),

Defendants' Motion should be granted.

I.    **The Court Lacks Personal Jurisdiction Over The Defendants.**

In her Memo, Plaintiff argues that the Court has personal jurisdiction over Defendants

solely because the web site located at www.premierspacollection.com lists a spa located in White

Plains, New York along with the Greenwich, Connecticut spa where Plaintiff claims she was

assaulted.  Plaintiff has therefore concluded that the same entity, indeed all the "Spa

Defendants," own and operate both of these spas and therefore have the contacts necessary for a

New York court to exercise jurisdiction over them.  Plaintiff cites no other evidence regarding

jurisdiction over Defendants.  This argument is insufficient to withstand Defendants' Motion to

Dismiss or to warrant discovery on the issue.

Plaintiff speculates that "Spa Defendants[ ] operate a Franchise, doing business all

around North America, including New York."  (Plaintiff's Memo, p. 5.)  However, Plaintiff

cannot point to any text on the www.premierspacollection.com web site that supports this

contention (indeed, the word franchise is not even mentioned on the web site).  Moreover, the

web site does not indicate or suggest what entity owns the spa where Plaintiff claims she was

3

assaulted, or that the spa locations listed have a common owner. Therefore, the only evidence
cited by Plaintiff provides no support for her theory that any of the Defendants have any contacts
with New York. In contrast, the declaration and other supporting documentation accompanying
Defendants' MTD Memo conclusively demonstrates that none of the Defendants, nor Spa
Capital LLC, the legal entity that owns and operates Stonewater Spa and Boutique, has any
contacts with New York. As set forth in the declaration, Spa Capital LLC does no business in
New York, and does not own, operate, oversee, or manage any New York spas. Nothing on the
web site contradicts this.

    Moreover, whether or not the Defendants have parent/subsidiary, affiliate, or
franchisor/franchisee relationships with one another, or even with some other entity doing
business in New York, is not relevant to determining the issue of personal jurisdiction. Rather,
the named entity itself must meet the New York long arm statute and the minimum contacts test.
See Bellomo v. Pennsylvania Life Co., 488 F.Supp. 744, 746 (S.D.N.Y. 1980) (Under N.Y.
C.P.L.R. § 301, absent evidence of a "mere department" relationship between a parent and
subsidiary,[1] the contacts of a subsidiary will not be imputed to a parent); Hersey v. Lonrho, Inc.,
73 Conn.App. 78, 807 A.2d 1009 (2002) (granting holding company's motion to dismiss for lack
of personal jurisdiction despite activities of subsidiary in forum state and stating: "the use of a
subsidiary to transact business is not sufficient to subject a nonresident parent corporation to the
jurisdiction of the forum in which that business is transacted."); Epps v. Stewart Info. Svcs.
Corp., 327 F.3d 642 (8th Cir. 2003) (similar); AT&T Co., v. Compagnie Bruxelles Lambert, 94

---

[1] New York courts have developed a specific test for determining "mere department" status. In Volkswagenwerk
Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117 (2d Cir. 1984), the court evaluated the following four
factors to determine whether or not Section 301 imposed jurisdiction on a parent company: common ownership;
financial dependency on the parent; the parent's involvement in the selection of executives and its failure to observe
corporate formalities; and the degree of control the parent has over the subsidiary's marketing and operational
policies. Plaintiff has not made any sort of prima facie showing, or even suggested, that any entity doing business in
New York is a "mere department" of one or more of the Defendants. See also Jazini v. Nissan Motor Co., Ltd., 148
F.3d 181 (2d Cir. 1998) (discussed infra).

F.3d 586 (9th Cir. 1996) (similar); Androphy v. Smith & Nephew, Inc., et al, 31 F.Supp.2d 620

(N.D.Ill. 1998) (similar); Arch v. American Tobacco Co., Inc., 984 F.Supp. 830 (E.D.Penn.

1997) (similar); Applewhite v. Metro Aviation, Inc., 875 F.2d 491, 497-98 (5th Cir. 1989) (per

curiam) (Alabama holding company could not be haled into Mississippi when only contact with

Mississippi was through its subsidiary operating companies); Matosantos Commercial Co. v.

Applebees Intern., Inc., 2 F.Supp.2d 191 (D.Puerto Rico 1998) (franchisor's contacts with forum

state were insufficient to establish general jurisdiction over franchisor which had franchised

restaurants in Puerto Rico.); Material Supply Int'l, Inc. v. Sunmatch Indus. Co., 62 F.Supp.2d 13,

19 (D.D.C. 1999) ("Ordinarily, a corporation's contacts with a forum may not be attributed to

affiliated corporations.").

   Plaintiff argues that the web site information he has cited in her Memo this is sufficient to

make a prima facie showing of jurisdiction, and therefore merit further discovery on the issue.

This is not true.  In analogous cases, courts have found discovery inappropriate.  On point is

Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181 (2d Cir. 1998).  Jazini involved allegations that

the defendant auto manufacturer was subject to personal jurisdiction in New York.  The claim

arose out of an auto accident in Iran involving a vehicle manufactured and distributed outside the

United States.  Plaintiffs in that case asserted that jurisdiction over the Japanese manufacturer

existed because: 1) its wholly-owned subsidiary maintained a presence in New York; 2) the

subsidiary was wholly controlled by and wholly dependent upon its parent; and 3) the subsidiary

was able to act as would its parent in the parent was present in New York.  Id. at 183.  The court

declined to find jurisdiction and dismissed the case, electing not to provide plaintiff an

opportunity to conduct discovery on the jurisdiction issue.  The Jazini court refused to attribute

any of the defendant's subsidiaries to the parent, and held that conclusory allegations of a "mere

department" relationship were not sufficient to warrant further discovery. Like in Jazini,
Plaintiff has not made a prima facie showing that jurisdiction exists over any of the Defendants,
or that the contacts of any other entities can be imputed to them. Therefore, the Defendants
respectfully request that this Court dismiss Plaintiff's claims without providing Plaintiff and
opportunity to conduct further discovery. See Id; see also Best Van Lines v. Walker, 490 F.3d
239 (2d Cir. 2007) (affirming dismissal of case on lack of personal jurisdiction grounds without
an opportunity for discovery); Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87 (2d Cir.
1975) (same); Sandoval v. Abaco Club on Winding Bay, 507 F.Supp.2d 312 (S.D.N.Y. 2007)
(Robinson, J.) (dismissing case for lack of personal jurisdiction because plaintiff failed to make
out prima facie case); Laborers Local 17 Health and Benefit Fd. v. Philip Morris, Inc., 26
F.Supp.2d 593, 597-98 (S.D.N.Y. 1998) (same).

   Additionally, Plaintiff has presented no argument or evidence to show that Premier
Salons International, Inc., Premier Salons Canada, Inc., or Premier Inc. existed at the time of
Plaintiff's alleged injury. She simply makes the conclusory statement that "Plaintiff maintains
that they did conduct such business." (Plaintiff's Memo, p. 14.) This is not sufficient to
overcome Defendants' Motion to Dismiss. See Cicalo v. Harrah's Operating Company, Inc.,
2008 WL 1847665, *5 (S.D.N.Y. 2008) ("The Second Circuit has deemed it appropriate to
dismiss an action for lack of personal jurisdiction where the plaintiff makes only conclusory non-
fact-specific jurisdictional allegations." (quotation marks omitted)).

   Plaintiff also suggests that one or more of the Defendants are "promoting" themselves on
the www.premierspacollection.com web site, and that this alleged activity is sufficient to confer
personal jurisdiction. (Plaintiff's Memo, p. 11.) However, such activity is not sufficient to
confer jurisdiction. See, e.g., Light v. Taylor, 2007 WL 274798, at *3 (S.D.N.Y. 2007) ("Merely

posting information on a website is an inherently passive act, which has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant." (quotation marks omitted)); <u>In re Ski Train Fire in Kaprun, Austria on November 11, 2000</u>, 2003 WL 22909153, *3 (S.D.N.Y. 2003) ("the fact that a foreign corporation has a website accessible in New York is insufficient to confer jurisdiction under CPLR § 301." (quotation marks omitted)).

For all of these reasons, the Court lacks personal jurisdiction over the Defendants and dismissal is appropriate. It should be remembered that Plaintiff had the option of filing this lawsuit in Connecticut but chose instead to file in New York, likely to benefit from New York's three-year negligence statute of limitations.

## II.    <u>Venue In The Southern District Of New York Is Not Proper.</u>

In support of Plaintiff's argument that venue is proper in the Southern District of New York, she cites <u>Vassallo v. Niedermeyer</u>, 495 F.Supp. 757, 758 (D.C.N.Y. 1980). Plaintiff correctly points out that, in <u>Vassallo</u>, the court found proper venue under 28 U.S.C. § 1391(a) because all plaintiffs resided in the Southern District of New York. Prior to 1990, 28 U.S.C. § 1391(a) stated that venue was proper "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." See <u>Lou-By Associates v. Intergroup Corp.</u>, 1993 WL 36150, *2 (S.D.N.Y. 1993). However, 28 U.S.C. 1391(a) was amended in 1990 and the plaintiff's residence is now irrelevant for venue purposes. Rather, the statute provides for venue only as described in Defendants' MTD Memo. Therefore, Plaintiff's arguments regarding venue are without merit.

**III.    Plaintiff's Assault, Invasion Of Privacy, And Intentional Infliction Of Emotional Distress Claims Are Barred By The Applicable Statutes Of Limitations.**

Plaintiff's response to Defendants' Statute of Limitations argument seems to be that C.P.L.R. § 202 mandates that "any shorter Statute of Limitations applies" in actions such as this, and therefore the three year Connecticut statutes of limitation should apply to her Assault, Invasion of Privacy, and Intentional Infliction of Emotional Distress Claims.  (See Plaintiff's Memo, p. 19.)  This is a misreading of the statute.  Section 202 States:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that *where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply*.

(emphasis added.)  As such, for causes of action accruing outside of New York, the New York statute of limitations applies in actions brought by New York residents.  See, e.g., Neuman v. Dunham, 49 A.D.2d 733, 733 (N.Y.A.D. 1 Dept. 1975) ("CPLR s 202 provides that for a New York resident the New York statute of limitations shall apply for an action accruing outside the State."); Mylon v. Hackensack University Medical Center, 2007 WL 778137, *1 (N.D.N.Y. 2007) ("Pursuant to N.Y. C.P.L.R. § 202 , the Court must apply the New York statutes of limitations to this action because it involves an alleged injury to a New York resident that occurred outside the state.")  Therefore, Section 202 does not permit Plaintiff to take advantage of the longer Connecticut statute of limitations for these claims.  Plaintiff's claims in the First, Sixth and Ninth Counts of the Complaint are time-barred under New York law and should therefore be dismissed.

**IV.    Plaintiff's CUTPA Claim Fails As A Matter Of Law.**

In their MTD Memo, Defendants argued that Plaintiff's only claimed damages are for emotional distress, and such damages are not an "ascertainable loss of money or property" as

required by CUTPA.  Defendants cited several cases dismissing claims on this basis.

In response, Plaintiff has cited two cases that refused to strike CUTPA claims involving sexual assault.  However, these cases do not aid Plaintiff's position.  In <u>DiTeresi v. Stamford Health Systems, Inc.</u>, 2007 WL 901811 (Conn.Super. 2007), the court did not address the issue raised by Defendants' MTD Memo -- whether a CUTPA claim can be based solely on emotional distress damages, and the issue may well not have been raised by the parties.  In the other case cited by plaintiff, <u>Gaskin v. Levinson</u>, 1992 WL 66682 (Conn.Super. 1992), again, the court did not address the issue raised in defendants' MTD Memo regarding whether emotional distress damages alone constitute ascertainable loss.

Plaintiff also argues that she "did suffer an ascertainable loss of money in her attempt to remedy Spa Defendants' violative business practices."  As an initial matter, this was not pled in Plaintiff's Complaint.   Furthermore, Plaintiff attorney's fees incurred in prosecuting this act cannot be bootstrapped to constitute the ascertainable loss required under the statute.  <u>See</u> <u>MacMillan v. Higgins</u>, 76 Conn.App. 261, 822 A.2d 246 (Conn.App. 2003) (refusing to award attorney's fees where no ascertainable loss was shown).  Therefore, Plaintiff's CUTPA claim in the Eighth Count should be dismissed.

## V.    <u>Conclusion</u>

Based upon the foregoing, Defendants respectfully request that their Motion to Dismiss be granted.

DEFENDANTS
PREMIER SALONS INTERNATIONAL, INC.,
JOHN DOE D/B/A STONEWATER SPA AND
BOUTIQUE,
PREMIER SALONS CANADA, INC.,
PREMIER SALONS LTD., AND
PREMIER, INC.


By: /s/  James M. Sconzo
    James M. Sconzo, Esq. (# JS8390) and
    Jonathan C. Sterling
    JORDEN BURT, LLP
    175 Powder Forest Drive, Suite 201
    Simsbury, CT 06089
    Telephone:  860-392-5000
    Facsimile:  860-392-5058
    Email:    jms@jordenusa.com
             js@jordenusa.com
    Their Attorneys


## CERTIFICATION

This is to certify that on this 21st day of July, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system:

Stephan Erich Seeger
Thomas J. Hickey and Associates, LLC
27 Fifth Street
Stamford, CT 06905
(203)-324-2296
Fax: (203)-348-7313
Email: seegrkid2@aol.com

            /s/  James M. Sconzo
            James M. Sconzo

198850